THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LAWRENCE P. NOVAK, Defendant-Appellee.

First District (3rd Division)   No. 78-688

Opinion filed January 24, 1979.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and James M. Thunder, Assistant State's Attorneys, of counsel), for the People.

454

No brief filed for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
This case concerns a misdemeanor complaint, signed by a private citizen, charging defendant Lawrence Novak with reckless driving. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—503.) The defendant moved to dismiss the complaint pursuant to Supreme Court Rule 504. (Ill. Rev. Stat. 1977, ch. 110A, par. 504.) After argument, the trial court granted the motion. The State appeals pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)), contending that the trial court erred in dismissing the charge and in denying the prosecution's motion to reinstate the charge against the defendant, inasmuch as Rule 504 does not apply where a private citizen is the complainant. The appellee has filed no brief in this matter, but we shall consider the merits of the State's position. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On February 14, 1978, Frances Sugg, a private citizen signed the aforementioned misdemeanor complaint as complainant. The complaint charged that on or about January 18, 1978, the defendant drove his truck in such a reckless manner that he forced the complainant "off the roadway and into a snowbank." The complaint specified a court date of March 1, 1978. An arrest warrant for the defendant was issued on February 14, 1978. It was executed at approximately 8 p.m. on February 28, at which time the defendant posted bond and was informed that the court date in the matter was the next day.

On March 1, 1978, the defendant, represented by retained counsel, moved to dismiss the charge. The defense counsel argued that the arrest was a routine traffic arrest which occurred on February 28, 1978, and, therefore, Supreme Court Rule 504, which prohibits setting a court appearance date sooner than 10 days after the arrest, had been violated. The prosecution objected to this motion. However, the trial court dismissed the charge and released the defendant, and stated:

> "You understand, Ms. Sugg, the State can refile the charges but the Supreme Court Rule says he would not be brought to court in less than ten days or more than forty-five days, whenever practicable."

On March 17, 1978, the prosecution moved to reinstate the reckless driving charge on the basis that Supreme Court Rule 504 did not apply to the instant complaint. After hearing argument, the court noted that the complaint had a court date written on it, but stated that it did not know who set that date. The court also made the observation that the police waited almost a month from the time of the incident to have the warrant sworn and waited two more weeks to effect the arrest. The trial court then

denied the prosecution's motion stating that the charge could be refiled. Notice of appeal was filed several days later.

The State contends that Supreme Court Rule 504 does not apply where the arresting officer is not the complainant, and we agree. Rule 504 states:

> "The date set by the arresting officer for an accused's appearance in court shall be not less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." Ill. Rev. Stat. 1977, ch. 110A, par. 504.

This court has held that the aforementioned rule applies to cases where the charge is a traffic or conservation offense and where the arresting officer is the complainant or at least the chief witness for the prosecution and has issued a uniform traffic citation. (See *People v. Claeys* (1976), 44 Ill. App. 3d 83, 357 N.E.2d 886.) According to Rule 504, the arresting officer, in issuing such a traffic citation, would set an appearance date not less than 10 days nor more than 45 days from the arrest. The purpose of this rule is to ensure the efficient use of the police officers' and defendant's time. (See Ill. Ann. Stat., ch. 110A, par. 504, Committee Comments, at 11 (Smith-Hurd 1977).) However, in the present matter a private citizen was the complaining witness so that the arresting officer's appearance was not necessary at trial and a criminal misdemeanor complaint, not a uniform traffic citation and complaint, was issued. Moreover, there is nothing in the record to indicate that any police officer, including the arresting officer, was going to be a witness for the prosecution. Accordingly, we feel that the complaint should have been treated like any criminal complaint to which Supreme Court Rule 504 would not be applicable. See *People v. Claeys.*

In further support of this conclusion, we must point out that the defendant's arrest did not occur at the time of the making of the complaint, as would be the case in a typical traffic offense situation. Rather, the arrest was effected pursuant to an arrest warrant issued upon a complaint. (Ill. Rev. Stat. 1977, ch. 38, par. 107—2(a).) We presume that the court date, which appeared on the complaint, was set at the time the complaint was sworn since Supreme Court Rule 551(b) requires the setting of a court date for violation of certain traffic offenses, including reckless driving. (Ill. Rev. Stat. 1977, ch. 110A, par. 551(b).) However, we are of the opinion that the arresting officer was not restricted by the court

date of March 1, 1978, because an arrest warrant permits an arrest to be made "on any day and at any time of the day or night." (Ill. Rev. Stat. 1977, ch. 38, par. 107—5(b).) Therefore, the arresting officer was not bound to effect the arrest more than 10 days prior to the date set for trial of the matter.

■■ The trial court erred in stating that the prosecution could refile the charge. A dismissal on the basis of Supreme Court Rule 504 is a final disposition on the merits. (*People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174.) In view of this precedent and since the complainant did appear in court on March 1, and was willing to testify, we feel that the trial court should have granted a continuance, rather than dismiss the complaint.

Accordingly, the judgment of the Circuit Court of Cook County is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SIMON, P. J., and RIZZI, J., concur.