THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PAUL MEARS, Defendant-Appellee.

Fifth District No. 79-347

Opinion filed May 20, 1980.

Walden E. Morris, State's Attorney, of Harrisburg (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Paul D. Reese, of Jonesboro, for appellee.

Mme JUSTICE SPOMER delivered the opinion of the court:

Defendant was charged by Uniform Illinois Traffic Citation and Complaint with driving while under the influence of intoxicating liquor, illegal transportation of alcoholic liquor, and failure to reduce speed to avoid an accident. Prior to trial, the defendant moved to dismiss the charges. The motion was granted, and the State appeals from this dismissal. We affirm.

The record reveals that defendant was charged with the offenses by citations on February 26, 1978. The citations directed defendant to appear in court on March 27, 1978. Defendant appeared *pro se* on that date and pleaded not guilty. No transcript of the hearings was made, although defendant's subsequent motion to dismiss asserted that he stated to the judge that he was employed in the State of Indiana some 300 miles distant, and would like to be tried then, or as soon as possible. The State's Attorney, in an affidavit, said that no demand for immediate trial was made in his presence, although it appears that he left the courtroom for

some period of time while defendant was present. Defendant also asserted that the judge informed him that he could not be tried on that day because of a disagreement between the State's Attorney and the village attorney of Carrier Mills as to who would prosecute the charges. Defendant was then told that he would be notified of the new trial date. The record fails to disclose whether the arresting police officer was present at the initial hearing date.

No further action was taken on the case until September 12, 1978, when notice of a pretrial hearing set for September 29, 1978, was mailed to defendant. On September 29, according to the State's affidavit, a pretrial conference was held. Defendant stated that he was present, but that his case was not called for trial. The State's Attorney alleged plea negotiations took place on that date with no result, and he told defendant to go home and he would be notified of the trial date.

On November 14, 1978, the defendant filed a motion to dismiss the charges and among other grounds, he alleged a violation of Supreme Court Rule 504 (Ill. Rev. Stat. 1977, ch. 110A, par. 504). Following a hearing on November 29, 1978, the motion was denied.

On January 4, 1979, without a dismissal of the charges based on the traffic citations, the State's Attorney filed a criminal complaint against defendant on the same three charges. Pursuant to notice of January 18, defendant appeared in court, pleaded not guilty, and posted bond. Subsequently, on February 6, 1979, defendant filed a motion to dismiss on the grounds that the State failed to set the cause of trial within 49 days of defendant's first appearance, as required by Supreme Court Rules 504 and 505 (Ill. Rev. Stat. 1977, ch. 110A, pars. 504 and 505), and that defendant was not tried within 160 days following his request for a speedy trial on March 27, 1978. After review of affidavits and trial briefs submitted by both parties, the complaints and citations were dismissed on July 9, 1979, on the grounds that the State had failed to prosecute within 49 days, and that the traffic citations should have been dismissed by the State prior to filing a criminal complaint.

■■ As a preliminary matter, defendant asserts that the State did not have the right to appeal from the order, since the order was not among those specifically enumerated by Supreme Court Rule 604(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)), and section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1). However the supreme court has specifically concluded that these provisions were not intended to reduce the range of the State's right to appeal, and the State retains the right to appeal in any other case of a judgment the substantive effect of which resulted in the dismissal of the indictment. (*People v. Martin* (1977), 67 Ill. 2d 462, 367 N.E.2d 1329, 1331; *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819, 821.) Therefore, this court has jurisdiction to consider the State's appeal.

The State asserts that the trial court improperly applied the provisions of Supreme Court Rules 504 and 505 to the instant facts. Those rules, as recently amended, provide as follows:

"The date set by the arresting officer for an accused's appearance in court shall be not less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." Ill. Rev. Stat. 1977, ch. 110A, par. 504.

When issuing a Uniform Citation and Complaint, a conservation ticket or a Notice to Appear in lieu of either, in counties other than Cook, the officer shall also issue a written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1977, ch. 38, par. 103—5). If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance. Any State agency or any unit of local government desiring to be exempt from the requirements of this Rule 505 may apply to the Conference of Chief Circuit Judges for an exemption." Ill. Rev. Stat. 1977, ch. 110A, par. 505.

The State contends that there was no error in failing to set a new appearance date within 49 days of the first appearance, since the defendant failed to notify the clerk at least five days before the first appearance of his intention to plead not guilty. Timely notification, the State asserts, is a condition precedent to the application of Rules 504 and 505. The defendant disagrees. He does not deny that he waived any right to a hearing on the merits of the case at his first appearance, but asserts that the other aspects of Rules 504 and 505, including a hearing within 7-49 days of the initial appearance, still applies. Since he was granted no hearing within that time period, he claims dismissal of his charges was proper.

The language of Rule 505 lends some measure of support to both contentions. It states that "upon *timely* receipt of notice * * * the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date * * * ." This tends to support the State's claim that defendant never asserted his rights under Rules 504 and 505. However, Rule 505 tends to limit the rights which defendant waives by failing to give timely notice: "Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance." The Rule also notes: "If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance." These provisions establish that defendant waives any right to a one-appearance adjudication by failing to give notice of his intentions before the first appearance; they make no mention, however, that the 7- to 49-day provision thereby becomes inapplicable. Construction of the provisions of the Rules is therefore necessary.

Since their enactment in 1968, Supreme Court Rules 504 and 505 have been construed in a number of cases, some of which have ultimately resulted in amendment of the rules. In *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59, the supreme court concluded that the provision that defendant's first appearance be set for a date from 10 to 45 days following the arrest was directory only. By contrast, in *City of Belleville v. Watts* (1978), 61 Ill. App. 3d 538, 378 N.E.2d 213, this court concluded that the second provision of Rule 504—which provides that an accused who pleads not guilty should be granted a trial on the merits on the first appearance date—was mandatory, except as provided in Rule 505. However, an amendment of Rule 505 ended the applicability of *Belleville v. Watts*.

At the time of the hearing in *Belleville v. Watts*, the provisions of Rule 505 applied only to State police officers, while the arrest in *Belleville* was

made by a municipal officer. Since amendment of Rule 505, it now applies to all police officers outside of Cook County. Therefore, any accused's right to a trial at the first appearance is subject to the provisions of Rule 505, and there is no right to a first appearance trial except as provided in that Rule.

Another case construing Rule 505 apparently led to a further amendment of the Rule. In *People v. Ware* (1976), 41 Ill. App. 3d 902, 355 N.E.2d 142, at his first appearance the defendant advised the court that he wished to plead not guilty, and demanded a jury trial. His case was placed on the master jury call calendar, and was ultimately tried more than two years later. When defendant appealed, based on the 7- to 49-day provision of Rule 505, the appellate court concluded as follows:

> "[T]he real flaw in the defendant's contention is that he did not advise the clerk of court, at least 5 days before the day initially set for his appearance, that he intended to plead 'not guilty' and to demand a jury trial. Hence, this rule was never activated and the case was properly placed on the master jury call calendar." (*Ware*, 41 Ill. App. 3d 902, 905, 355 N.E.2d 142, 144.)

As an apparent response to *Ware*, the following provision was added to Rule 505:

> "If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended * * * ." Ill. Rev. Stat. 1977, ch. 110A, par. 505.

█ Our consideration of Rules 504 and 505, and the recent amendments to those rules, leads us to conclude that the trial court properly dismissed the instant case for failure to set an appearance date within 49 days of defendant's initial appearance. First, the express purpose of the rules is to provide defendant with an early hearing on the merits of his traffic offense, and to avoid multiple court appearances. This policy eliminates undue hardship on the accused, law enforcement agencies, and the courts. Furthermore, the amendment which resulted from *Ware* removed jury trials from the 7- to 49-day limitation, but made no mention of cases where, as here, the accused has pleaded not guilty at the first appearance but has made no jury demand. Generally, it is a rule of statutory construction "that the expression of one mode of action in an enactment excludes any other even though there be no negative words prohibiting it." (*People v. Theobald* (1976), 43 Ill. App. 3d 897, 356 N.E.2d 1258, 1260; *People v. Caryl* (1977), 54 Ill. App. 3d 537, 369 N.E.2d 926, 927.) Hence, while a jury trial is expressly excepted from the 7- to 49-day provision, the lack of further expression tends to indicate that bench trials remain subject to that time limitation.

■■ Furthermore, while Rule 505 specifically provides that lack of timely notice may result in grounds for a continuance if the arresting officer does not appear, and states that it may result in multiple appearances, it does not specifically remove the 7- to 49-day limitation. We therefore conclude that, where the accused in a traffic case pleads not guilty at his first appearance, but does not demand a jury trial, he is entitled to a hearing on the merits within 7 to 49 days after appearance.

Our conclusion is supported in *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174, where the defendants also pleaded not guilty at the first appearance, but did not request trial by jury. The reviewing court reached the following conclusion:

> "We are mindful that defendants did not comply strictly with the requirements of Rule 505 in tendering the required notices at least 5 days before the day originally set for their appearance. The court, however, accepted the notices and defendants' pleas when they were tendered and, in conformity with Rule 505, it set a new date for trial. We conclude, therefore, that defendants were entitled to a disposition on the merits on the trial date set * * * which we consider to be the date and time for appearance referred to in Supreme Court Rule 505." (*People v. Nelson* (1974), 18 Ill. App. 3d 628, 631, 310 N.E.2d 174, 177.)

We also conclude that the instant defendant should have been granted a prompt hearing, pursuant to his request, within the time limitations of Rule 505.

■■ On January 4, 1979, without dismissal of the traffic citations, criminal complaints were filed against defendant on the same three charges. The State, citing *People v. Claeys* (1976), 44 Ill. App. 3d 83, 357 N.E.2d 886, asserts that when defendant is charged by criminal complaint with a traffic offense, Rules 504 and 505 do not apply. However, *Claeys* makes it clear that where a defendant is charged by criminal complaint *and not* by uniform traffic citation, *and* where a civilian is the complaining witness so that the arresting officer's appearance is not necessary, the case will be treated as an ordinary misdemeanor rather than as a uniform traffic violation under Rules 504 and 505. In the case on appeal, traffic citations were issued, and the only witness was the arresting officer. Under these circumstances, it is apparent that the purpose behind Rules 504 and 505, and their applicability, still pertain. We cannot permit the State to avoid applicability of Rules 504 and 505 merely by filing criminal complaints, for such action defeats enforcement of the Rules.

Rules 504 and 505 were promulgated to avoid precisely the circumstances which took place here. They are intended for the convenience of traffic defendants, who often live a distance away, and

for the convenience and efficiency of law enforcement agencies; they are intended to preserve freshness of evidence and memory when a hearing on the merits takes place. These purposes were violated in this case. As a result of this holding, the trial court's dismissal of the case below is affirmed.

Affirmed.

KARNS and WHITE , JJ., concur.