THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ARLIN W. DAVIS, Defendant-Appellant.

Fifth District    No. 81-101

Opinion filed January 29, 1982.—Rehearing allowed March 1, 1982.

Gitchoff and Wallis, of Granite City (John Gitchoff, of counsel), for appellant.

Donald Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On November 8, 1979, the defendant was issued three traffic citations by a police officer of the City of Collinsville. He was charged with driving while intoxicated, failure to reduce speed to avoid an accident and driving in violation of a restricted permit. The citations set an appearance date of November 29, 1979. The three citations were filed in the Circuit Court of Madison County on November 9, 1979, along with

a complaint which charged the defendant with the offense of driving while intoxicated.

The defendant appeared in court on November 29, 1979, entered a plea of not guilty and waived his right to a jury trial. The next docket entry in this case is an order dated January 10, 1979, which stated that the three charges were to be consolidated with an unrelated felony charge pending against the defendant. The parties have assumed that this entry was made in 1980, and we shall so treat it. No further action was taken until November 17, 1980, when an order was entered directing the three offenses to be set for immediate jury [*sic*] trial, because they were never formally consolidated with the felony charge.

Continuances were requested by the defendant on November 24 and December 11, 1980. The case was called for a bench trial on February 6, 1981. The defendant moved to dismiss the traffic charges, arguing that he had not been given a trial between 7 and 49 days of his appearance and plea of not guilty, as required by Supreme Court Rule 505 (Ill. Rev. Stat. 1979, ch. 110A, par. 505). The court denied the motion and proceeded to trial on the three traffic charges, as well as an offense of resisting a police officer, which is not involved in this appeal.

The principal evidence against the defendant on the traffic offenses was the testimony of civilian motorist Paul Halbert. On November 8, 1979, he was driving west at 50 miles per hour in a 55-mile-per-hour speed zone on Beltline Road in the City of Collinsville. He felt a jolt, and when he looked behind him, Halbert saw another car pushing him. The second car made continuous contact with Halbert's auto for several hundred feet, forced Halbert to accelerate to 65 miles per hour and, at one point, to cross the center stripe. Halbert finally brought his car to the shoulder of the road and the second motorist stopped about 10 car lengths ahead of him. Halbert walked up to the other car and discovered the defendant sitting in the driver's seat in a semiconscious state.

Halbert flagged down Collinsville Police Officer John Thiel. Thiel walked the defendant from his car to the squad car. Both Thiel and Halbert noticed that the defendant was having difficulty maintaining his balance during this walk. It was the opinion of Thiel and Halbert that the defendant was intoxicated at that time. Officer Thiel transported the defendant to the Collinsville police station, where he discovered that the defendant's authorization to drive came from a permit which restricted his driving to employment-related matters and other necessities. The defendant told Officer Thiel that, before the accident occurred, he had been at the Last Straw Tavern in Collinsville.

The defendant was convicted of all charges, and was sentenced accordingly. He has appealed only from the three traffic convictions, and

argues that those charges should have been dismissed under Supreme Court Rule 505. He notes that Supreme Court Rules 504 and 505 (Ill. Rev. Stat. 1979, ch. 110A, pars. 504, 505) have been read together to mean that "where the accused in a traffic case pleads not guilty at his first appearance, but does not demand a jury trial, he is entitled to a hearing on the merits within 7 to 49 days after appearance." *People v. Mears* (1980), 84 Ill. App. 3d 265, 271, 405 N.E.2d 443, 447.

The above quotation is an accurate statement of the law pertaining to the setting of a trial date in traffic cases. But, relying upon the language of Rules 504 and 505, the courts of this State have also defined the situations under which the scheme of disposition established by those rules does not apply. The first of these situations occurred in *People v. Claeys* (1976), 44 Ill. App. 3d 83, 357 N.E.2d 886, where prosecution was by a criminal complaint signed by a civilian. No traffic citation was ever issued, and the arresting officer's appearance was not necessary at trial. (See also *People v. Novak* (1979), 68 Ill. App. 3d 453, 386 N.E.2d 459.) Subsequently, this exception was expanded to include criminal complaints signed by a police officer. (*People v. Bell* (1979), 74 Ill. App. 3d 316, 392 N.E.2d 993). Although, in *People v. Mears* (1980), 84 Ill. App. 3d 265, 271, 405 N.E.2d 443, 447, the language of *Claeys* was repeated as the outer limit of this exception, the *Mears* court did not consider *Bell*. Consequently, it is the law in this State that if a criminal complaint has been signed by a policeman or a civilian against a motorist, and no traffic tickets have been issued, then the appearance schedule required by Rules 504 and 505 does not apply.

A second set of circumstances which would remove a traffic prosecution from Rules 504 and 505 was discussed in *People v. Maher* (1979), 77 Ill. App. 3d 488, 396 N.E.2d 77. In that case, the defendant was issued a traffic citation on November 12, 1977. Two days later, the defendant notified the court of his intention to plead not guilty and waive his right to a jury trial. A bench trial was scheduled for November 30, and the defendant appeared for trial on that date. The prosecutor moved for a continuance because he had not received the gold seal records from the Secretary of State, which would show if the defendant did not have a valid driver's license, as was alleged. When that motion was denied, the State requested leave to dismiss the charges, which was granted. Attempts to reinstate the charges were finally denied by the court, and the State appealed.

The appellate court held that, even though Rule 504, as it then existed (compare *City of Belleville v. Watts* (1978), 61 Ill. App. 3d 538, 378 N.E.2d 213, with *People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443, and *People v. Seaberry* (1980), 86 Ill. App. 3d 369, 408 N.E.2d 51), entitled a traffic defendant to a hearing on the merits of his case on his

first appearance, the rule "was clearly not meant to apply to situations like this case where factors beyond the immediate control of the prosecutor and arresting officer are the cause of the delay." 77 Ill. App. 3d 488, 493, 396 N.E.2d 77, 81.

In this case, the State argues that both the "prosecution by complaint" exception and the "factors beyond the State's control" exception apply. To invoke the first of these exceptions, it is noted that a complaint was signed against the defendant by a police officer, as it was in *Bell*. It must be conceded, though, that this case is slightly different from *Bell* because both a criminal complaint and a traffic ticket were issued to this defendant on the charge of driving while intoxicated.

We do not believe that this difference is significant enough to depart from the rule of *Bell*. The record shows that, although the defendant was issued a traffic ticket for driving while intoxicated on November 8, 1979, a criminal complaint on that offense was filed, along with the ticket, the following day. Had the arresting officer written no ticket, there would be no doubt that Rules 504 and 505 would not apply. It seems anomalous to us to allow an accused who has been given a ticket and a complaint to rely upon those rules, while denying those protections to an accused who is charged only by complaint. Moreover, such an interpretation is not called for by the language of Rule 505, which refers to the issuance of a traffic ticket, "conservation ticket or Notice to Appear in lieu of either." As was noted in *People v. Mears*, " 'the expression of one mode of action in an enactment excludes any other even though there be no negative words prohibiting it.' " (84 Ill. App. 3d 265, 270, 405 N.E.2d 443, 447.) If the use of a criminal complaint, even in conjunction with a traffic ticket, was not meant to remove a case from the operation of Rules 504 and 505, then prosecution by criminal complaint would have been listed as one of the alternatives in Rule 505.

■■ By our discussion, we do not mean to say that the filing of a criminal complaint, at any time, will automatically render Rules 504 and 505 inapplicable. (See *People v. Mears*.) But, when a criminal complaint is filed with a traffic ticket the day after the alleged offense and issuance of the ticket, we see no reason to treat the case any differently from a traffic case which is prosecuted by a criminal complaint alone. Consequently, Rule 505 does not compel dismissal of the charge of driving while intoxicated.

The State next argues that the remaining charges of failure to reduce speed to avoid an accident and driving in violation of a restricted permit should be treated under the "factors beyond the State's control" exception, in that it is claimed that defendant's hospitalization prevented compliance with Rule 505. It should be remembered that no complaints were filed on these charges. We do not consider this argument, because

we believe that the purpose of Rules 504 and 505 suggests a third exception to those rules.

According to the People, the two remaining offenses "were so closely related" to the offense of driving while intoxicated that the joinder of all offenses would be required. (Ill. Rev. Stat. 1979, ch. 38, par. 3—3(b).) And, since Rules 504 and 505 were enacted specifically to prevent multiple appearances in traffic cases (see *People v. Mears*), it is argued that to apply Rules 504 and 505 to two of the three charges in this case would set a precedent which would encourage, if not compel, multiple appearances in other cases like this.

■■ We are persuaded by this argument. It is a necessary corollary to the "prosecution by complaint" exception that if multiple charges arising from the same incident or occurrence include a charge which is prosecuted by a criminal complaint, then Rules 504 and 505 do not apply to the entire case. Were this otherwise, the State could file a complaint on fewer than all of the traffic charges and request multiple trials to comply with the Rules. Ill. Rev. Stat. 1979, ch. 38, par. 3—3(c).

The disposition timetable established by Supreme Court Rules 504 and 505 does not govern this case. Therefore, we affirm the judgment of the Circuit Court of Madison County.

Affirmed.

JONES and KASSERMAN, JJ., concur.