THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHRISTOPHER P. HERBERT, Defendant-Appellant.

Fourth District    No. 4—82—0808

Opinion filed February 6, 1984.

R. C. Lanto, Jr., of Waaler, Evans, Gordon & Lanto, of Rantoul, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Rebecca White, both of State's Attorneys Appellate Service Commission, of

counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The defendant was tried by a jury, convicted of driving while under the influence of alcohol, and sentenced to one year's conditional discharge with seven days in the county jail. On appeal the defendant argues that the charge should have been dismissed because he was denied a speedy trial. We agree with the defendant and reverse his conviction and sentence.

Before addressing the particular facts and issues presented by this appeal, we shall briefly summarize some rules regarding the prosecution of traffic offenses.

Supreme Court Rules 504 and 505 (87 Ill. 2d Rules 504, 505) provide a series of time limits governing appearances and trials for traffic and other offenses; some of these provisions are not applicable to Cook County, but because this offense occurred in Champaign County, we may ignore any geographical distinctions. A defendant's initial appearance must be scheduled for the period within 14 to 49 days after his arrest; to avoid multiple court appearances, a defendant who intends to plead not guilty to the charge or also demand a jury trial must notify the clerk of the court of this at least five days before the scheduled appearance date; this enables the court to set a new appearance date and enables the State to secure the arresting officer's presence at the trial. If a defendant does not provide timely notice, then he may have to go to court more than once, for the arresting officer's absence on the initial appearance date may be good cause for a continuance. For a defendant who wants a bench trial, the new appearance date for trial must be scheduled for the period within seven to 49 days after the original appearance date. *People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443.

A defendant who wants a jury trial is subject to a different time limit. Supreme Court Rule 505 provides:

> "If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1979, ch. 38, par. 103—5)." (87 Ill. 2d R. 505.)

Section 103—5 provides that a defendant who is in custody must be tried within 120 days of his being taken into custody, and a defendant who is free on bail or recognizance must be tried within 160 days of his demand for trial. Ill. Rev. Stat. 1981, ch. 38, pars. 103—5(a), (b).

Thus, under Supreme Court Rule 505, a defendant who wants a jury trial is entitled to a speedy trial as defined by statute, and a

defendant who instead waives a jury and wants a bench trial is entitled to an even speedier trial as provided by supreme court rule.

■ Supreme Court Rule 505 was not complied with here. On February 6, 1982, a trooper of the Illinois State Police issued the defendant a citation and complaint, a traffic ticket, for driving while under the influence of alcohol, a violation of section 11–501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11–501); the defendant posted bond that same day. As instructed by the ticket, the defendant made an initial appearance in court on March 1, 1982, and was told of the nature of the charge and its possible penalties. Apparently the defendant expressed his intention to plead not guilty, for the case was continued.

On March 15, 1982, defense counsel filed the documents that form the basis for this dispute. Using a form, defense counsel entered his appearance; defense counsel also filled out the sections on the form signifying that the defendant was pleading not guilty and was demanding a jury trial. Attached to the form was the "Court Communications Copy" of the defendant's ticket; the part containing the admonition regarding multiple court appearances was filled out to show the defendant's not-guilty plea and his jury demand, and under Supreme Court Rule 505, this began the 160-day period for bringing the defendant to trial. (*People v. Seaberry* (1980), 86 Ill. App. 3d 369, 408 N.E.2d 51.) We note that copies of these documents were served on the State's Attorney. The cause was then allotted for docket call on April 28, 1982.

On April 13, 1982, defense counsel moved for a continuance because he would not be available for the docket call on April 28. The record does not show how the motion was disposed of. Perhaps that became unnecessary, for at the April 28 docket call an order was filled out showing that the State and the defendant were ready; trial was scheduled for May 17, 1982. The request for a continuance therefore did not result in delay attributable to the defendant.

The next item in the record is the defendant's motion for discharge for lack of a speedy trial. This motion was filed and denied September 9, 1982, 178 days after the defendant filed the "Court Communications Copy" of his traffic ticket, which contained his demand for a jury trial. The next day, the defendant was charged by information with the offenses, was tried, and was convicted. Nothing in the record indicates that the defendant requested a continuance from the May 17, 1982, trial date.

■ The defendant was not charged by criminal complaint until after he had become entitled to discharge under Supreme Court Rule

505; therefore, the complaint had no effect and did not remove the case from the scope of the rule. (*Mears.*) Nor would other possible exceptions to the rule apply, such as unavoidable delay beyond the State's control or the existence of multiple charges, some represented by timely complaint rather than traffic ticket. (See *People v. Davis* (1982), 104 Ill. App. 3d 120, 432 N.E.2d 947 (discussing exceptions to the requirement in Supreme Court Rule 505 that bench trials in traffic cases be held seven to 49 days after the original appearance date).) Therefore, we conclude that the defendant's motion for discharge should have been granted.

Our result here is predicated on the notice provided by the "Court Communications Copy" of the defendant's traffic ticket, which was submitted March 15, 1982, and which expressed the defendant's demand for a jury trial. Therefore, we need not decide whether the appearance form filed by defense counsel that same day contained an effective demand for a speedy trial. Nor do we need to address the defendant's other arguments, which concern the criminal complaint, evidentiary questions, and jury instructions.

Reversed.

MILLS, P.J., and WEBBER, J., concur.