THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROLLIN RUMLER, Defendant-Appellant.

Third District    No. 3—86—0777

Opinion filed October 28, 1987, *nunc pro tunc* September 25, 1987.

Ronald L. Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Joan Scott, State's Attorney, of Lewistown (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

On October 26 and 28 of 1985, uniform traffic citations charged the defendant, Rollin Rumler, with leaving the scene of a personal injury accident and with two counts of driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—401(a), 11—501(a)(1), (a)(2), respectively). The arresting officer set the defendant's first appearance on November 8. On that date, the defendant appeared specially and orally moved to dismiss the citations pursuant to Supreme Court Rule 504 (107 Ill. 2d R. 504). Defendant's attorney informed the court that he intended to file a written motion to dismiss the citations. The court continued the cases generally.

In his motion to dismiss, filed November 22, 1985, the defendant alleged that setting his first appearance date 13 days after his arrest violated Supreme Court Rule 504. At the December 11 hearing on the defendant's motion, the arresting officer testified to miscalculating the defendant's appearance date. The court found insufficient evidence that a proper appearance date was impracticable. Thus, the court allowed the defendant's motion.

At that time the State announced that informations charging the defendant with the same offenses as the previous citations had been filed on December 5, 1985. On January 10, 1986, the defendant filed a written motion to dismiss the informations alleging that the trial court's order of December 11, 1985, precluded the State from proceeding on the informations. The court on January 29, 1986, after hearing, took the defendant's motion to dismiss under advisement and subsequently denied said motion on March 18, 1986, and set the cause for trial. Following a jury trial, the defendant was convicted of driving under the influence of alcohol and was admitted to court supervision.

The defendant appeals, arguing that the dismissal of the cita-

tions on December 11, 1985, was a decision on the merits, pursuant to Rule 504, that barred further prosecution. We disagree.

Supreme Court Rule 504 provides: (1) that whenever practicable, an accused's appearance date shall be neither less than 14 nor more than 49 days from the arrest; and (2) that an accused who appears and pleads not guilty to an alleged traffic offense should be granted a trial on the merits of his appearance date. (107 Ill. 2d R. 504.) The purpose of Rule 504 is to avoid multiple court appearances for traffic defendants and to afford such defendants a disposition on the merits on their appearance date unless, pursuant to Rule 505 (107 Ill. 2d R. 505), they file notice of intent to plead not guilty and/or to demand a jury trial. In that event, a disposition on the merits shall occur on the new trial date. *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174.

An accused who appears and pleads not guilty to an alleged traffic offense, if ready for trial, is entitled to a trial or a disposition on the merits on the first appearance date or the trial date set according to Rule 505. (107 Ill. 2d R. 505.) Dismissal for the State's failure to proceed is, therefore, a final disposition on the merits that bars further proceedings. (18 Ill. App. 3d 628, 310 N.E.2d 174.) The State may not then circumvent Rules 504 and 505 by subsequently filing criminal complaints. (*People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443.) To allow such proceedings would violate the purpose of Rule 504 by repeatedly forcing defendants into court on the same charge. *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174.

■ We find that the instant dismissal was not a disposition on the merits contemplated by Rule 504. The defendant neither pleaded nor answered ready for trial on his first appearance date. He only objected and announced his intent to move to dismiss due to the improper appearance date. Since the defendant neither sought a disposition on the merits nor subsequently filed a Rule 505 notice of intent to plead not guilty and/or demand a jury trial, the State neither refused to proceed nor denied the defendant a timely trial. A special and limited appearance does not meet the requirements of either Rule 504 or Rule 505. Hence, the dismissal of the defendant's citations was not a disposition on the merits that barred further prosecution.

Accordingly, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.