THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LLOYD DOTSON, a/k/a Lloyd Shorty, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BOBBY JONES, JR., Defendant-Appellee.

Third District   Nos. 3—87—0523, 3—87—0524 cons.

Opinion filed August 17, 1988.

John A. Barra, State's Attorney, of Peoria (Walter P. Hehner and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellee Lloyd Dotson.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellee Bobby Jones, Jr.

JUSTICE BARRY delivered the opinion of the court:

The State appeals from orders of the circuit court of Peoria County dismissing two criminal cases for lack of a speedy trial. Because the issues in both cases are identical, the two appeals have been consolidated before this court.

Defendant Lloyd G. Dotson, a/k/a Lloyd G. Shorty, was charged by information with attempted retail theft and battery on September 11, 1986, and defendant made a jury demand and a motion for a speedy trial on November 19, 1986. The cause was set for trial on January 21, 1987, but on that date a continuance was granted because defendant's attorney was unavailable. The next trial date was February 4, but defendant failed to appear, and a bench warrant was issued for his arrest. He appeared in custody on February 5 and was released on bond. The jury trial was then set for April 22, and on April 13, when the public defender was appointed, defendant requested that

the trial date remain April 22. On motion of the State, the cause was continued to June 3, 1987, and on further motions by the State, the cause was continued to July 15 and then to July 22. On the latter date, the trial court granted defendant's motion for dismissal because 160 days had elapsed since defendant requested a jury trial.

Defendant Bobby Jones, Jr., was charged with battery by information on June 4, 1986. On June 6, he demanded a jury trial, and the cause was set for trial on July 16. After defendant requested appointment of the public defender, the trial was set for July 23, and on that date the State's motion for continuance was granted. The cause was set for jury trial on August 20, and when defendant failed to appear on that date, a bench warrant was issued for his arrest. He appeared in custody on August 21, was released on bond, and jury trial was set to October 15. On October 15 defendant was granted a continuance until November 19, on which date the trial judge continued the cause to January 28, 1987, on his own motion. On November 19, 1986, defendant requested a speedy trial. On January 28, 1987, defendant was granted a continuance until April 29, and on that date defendant was again granted a continuance until June 10. On June 10, the State's motion for continuance was granted, and the cause was set for July 22, 1987. On July 22 defendant moved for dismissal for lack of a speedy trial, and the trial judge granted the dismissal for the same reasons set forth by the same judge on the same day in the cause of *People v. Dotson.*

The motion to dismiss filed by Dotson recited that defendant had demanded a jury trial, that more than 160 days for which defendant is not responsible had passed since defendant made his demand for jury trial, and that defendant's right to a speedy trial, as guaranteed by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38. par. 103—5), had been violated. In granting the motion to dismiss, the trial judge adopted the argument of defendant that a request for a jury trial was the equivalent to a demand for a speedy trial for misdemeanor cases as well as for traffic citations under Supreme Court Rule 505 (107 Ill. 2d R. 505). As to both defendants, the State contends that the court erred in ruling that Rule 505 applied.

■ Section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1985, ch. 38, par. 103—5) provides that a defendant on bail or recognizance shall be tried within 160 days from the date defendant demands trial unless delay is occasioned by the defendant. The courts have repeatedly ruled that a request for jury trial is not sufficient to meet the demand requirements for a speedy trial. (*E.g., People v.*

*Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Althide* (1979), 71 Ill. App. 3d 963, 389 N.E.2d 240; *People v. Dimond* (1977), 54 Ill. App. 3d 146, 369 N.E.2d 383.) A request for a jury trial is not a demand for immediate trial, but only a demand that when the trial is held, it be held before a jury. *People v. Baskin*, 38 Ill. 2d 141, 230 N.E.2d 208.

■ Prior to August 1, 1987, Supreme Court Rule 505 included the following sentence:

"If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1983, ch. 38, par 103—5)." (107 Ill. 2d R. 505.)

Since Rule 505 expressly applied to charges brought by "Uniform Traffic Citation and Complaint" or a conservation ticket, the courts have consistently ruled that a demand for a jury trial by a defendant charged by means of a traffic ticket invoked the right to speedy trial, *i.e.*, the right to a trial within 160 days of the demand. *People v. Lorah* (1986), 142 Ill. App. 3d 163, 491 N.E.2d 793; *People v. McCarrey* (1984), 122 Ill. App. 3d 61, 460 N.E.2d 781; *People v. Herbert* (1984), 122 Ill. App. 3d 43, 460 N.E.2d 86.

As this court has previously held, Supreme Court Rule 505 applies only to defendants who have been charged by uniform citations and complaints or conservation tickets, and the rule does not otherwise alter the requirement of a specific demand for speedy trial in order to invoke the 160-day rule. (*People v. Edgerson* (1987), 160 Ill. App. 3d 382, 513 N.E.2d 632.) Thus, the trial court erred when it attempted to expand the scope of Rule 505 to include all misdemeanor cases, in contravention of those cases construing section 103—5 of the Code of Criminal Procedure.

■ As to defendant Jones, the 160-day statutory period has not expired since his explicit demand for speedy trial. Hence, the erroneous ruling of the trial court compels a reversal of the dismissal as to him and remand of the cause against him for further proceedings. However, the situation involving defendant Lloyd Dotson is more complex.

■ Although Dotson's dismissal motion was solely on the ground that his jury demand had constituted a demand for speedy trial, we see from the record that Dotson also made an express demand for a speedy trial on the same date that he requested a trial by jury. That express demand invoked section 103—5 of the Code of Criminal Procedure. Consequently, we must consider whether more than 160 days had elapsed since November 19, 1986, excluding delays occasioned by

defendant. The State contends that only 154 days attributable to the State had elapsed: 63 days from November 19, 1986, to January 21, 1987, and 91 days from April 22, 1987, to July 22, 1987.

Defendant, on the other hand, insists that the period between February 5, 1987, and April 22, 1987 (77 days), was a delay attributable to the State. Defendant admits that his failure to appear on February 4, 1987, prevented the State from proceeding to trial on that date, but he says, since he did appear on February 5, he cannot be held accountable for the entire delay from February 5 to April 22. Plainly, defendant's failure to appear on February 4 at a scheduled court hearing necessitated a continuance attributable to him. (*People v. Hatch* (1982), 110 Ill. App. 3d 531, 442 N.E.2d 655; *People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.) The statutory period was, therefore, tolled during that period, and the 160 days had not expired at the time the trial court granted the defendant's motion to dismiss. The court erred.

For the reasons stated, we reverse the order of dismissal and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

WOMBACHER and SCOTT, JJ., concur.