THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN R. THOMPSON, Defendant-Appellant.

Fifth District No. 5—88—0166

Opinion filed October 31, 1989.

Donald E. Groshong, of Alton, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, John R. Thompson, appeals pursuant to Supreme Court Rule 604(f) (107 Ill. 2d R. 604(f)) from the denial by the circuit court of Fayette County of his motion to dismiss his case on grounds of former jeopardy.

On October 24, 1987, defendant received a uniform Illinois traffic citation and complaint charging him with driving while intoxicated. The citation scheduled defendant's initial appearance at 9 a.m. on November 23, 1987. On November 3, 10 days after his arrest, the State filed a two-count information charging defendant with driving while intoxicated and driving while his breath-alcohol content was in excess of .10 (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2)). On November 23, defendant filed a plea of not guilty, a demand for trial by jury, a demand for speedy trial pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)), and a demand for trial on the appearance date pursuant to Supreme Court Rule 505 (107 Ill. 2d R. 505). The minute record of the court further noted the case was "Continued to 12/7/87 at 9:00 A.M. Notice to issue." The notice issued, also dated November 23, 1987, advised both defendant and the State the case was set for first appearance on December 7, 1987.

On December 7, 1987, defendant appeared with counsel ready for a jury trial. The State, however, announced it was not ready because the arresting officer was absent. The State then served upon defendant the previously filed two-count information. Defendant orally moved the court to dismiss the case pursuant to Supreme Court Rules 504 and 505 (107 Ill. 2d Rules 504, 505). The court took

defendant's motion under advisement, and on the following day, dismissed the case, finding that defendant had complied with the requirements of Rules 504 and 505 by entering a written plea of not guilty and demand for jury trial within the time prescribed, had served the State's Attorney with a separate demand for speedy trial and had appeared ready for trial on December 7, while the State was not ready and the arresting officer failed to appear in person in court. The State filed a motion to reconsider on December 22 which the trial court subsequently granted on January 28, 1988. The court reinstated defendant's charges on the grounds that defendant's demand for a jury trial constituted a waiver of the right under Rule 505 to trial on the appearance date. Defendant then filed a motion to dismiss the charges, arguing that further prosecution was barred by considerations of double jeopardy because of the December 8 dismissal. The trial court denied defendant's motion, resulting in this interlocutory appeal. The issue before us then is whether prosecution of this case is barred by considerations of former jeopardy. We believe the trial court erred in reinstating prosecution of the case, and accordingly, reverse the court's decision. The charges against defendant therefore are to be dismissed with prejudice.

■ Supreme Court Rules 504 and 505 delineate a framework of times and limits governing appearances and trials for traffic and conservation offenses. (See *People v. Herbert* (1984), 122 Ill. App. 3d 43, 44, 460 N.E.2d 86, 87.) While both rules have been amended since the pending of this appeal (see 128 Ill. 2d Rules 504, 505), at the time of defendant's alleged offense, Rule 504 provided:

"The date set by the arresting officer for an accused's appearance in court shall be not less than 14 days but within 49 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." (107 Ill. 2d R. 504.)

Rule 505 provided in part:

"When issuing a Uniform Citation and Complaint, a conservation ticket or a Notice to Appear in lieu of either, *** the officer shall also issue a written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1983, ch. 38, par. 103—5). If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may *** be considered good cause for a continuance." (107 Ill. 2d R. 505.)

Under this framework, a defendant's initial appearance must be scheduled for the period within 14 to 49 days after his arrest. If the defendant chooses to plead not guilty and timely notifies the clerk of his intention prior to his appearance date, then a new appearance date for a trial on the merits shall be set for the period within 7 to 49 days after the original appearance date. If a defendant does not provide timely notice, he may be subjected to multiple court appearances because the arresting officer's absence on the initial appearance date may be good cause for a continuance. (See *Herbert,* 122 Ill. App. 3d at 44, 460 N.E.2d at 87; *People v. Mears* (1980), 84 Ill. App. 3d 265, 269, 405 N.E.2d 443, 446.) If a defendant also wants a jury trial and provides timely notice of his choice, he must then be tried in accordance with the time frame established in section 103—5 of the Code of Criminal Procedure—in other words—if in custody, within 120 days of being taken into custody, or if free on bail, within 160 days of his demand for trial. In either event, whether timely requesting a jury trial or pleading not guilty, the rules contemplate that the next date set, the new appearance date, will consist of a trial on the merits with the presence of the arresting officer in court. The policy

behind these rules clearly is to avoid subjecting accused persons in traffic and conservation cases to multiple court appearances by having a disposition on the merits of the charge on the date first set for the trial actually to occur. *People v. Nelson* (1974), 18 Ill. App. 3d 628, 630, 310 N.E.2d 174, 177.

 Defendant timely notified the clerk and the State of his intention to plead not guilty and to demand a trial by jury. The clerk set a new appearance date and so notified both sides. Defendant was entitled to a trial on the merits on that day. Contrary to the trial court's ruling, a demand for a jury trial does not constitute a waiver of the right to a trial on the merits upon the rescheduled appearance date. (See *Nelson*, 18 Ill. App. 3d at 630, 310 N.E.2d at 177.) A demand for a jury trial merely triggers a new time frame in which that trial on the merits must occur. (See *People v. Rumler* (1987), 161 Ill. App. 3d 244, 246, 514 N.E.2d 797, 798.) Defendant appeared on the new appearance date, ready for trial. The State did not. The State announced it was not ready for trial because the prosecuting witness, the arresting officer, was not present in court. The trial court, consistent with the objectives of Rules 504 and 505, quite properly dismissed the charges against defendant. To then allow the State to reinstate those charges at a later time, however, is not consistent with the policy behind Rules 504 and 505. A mere dismissal with the right to reinstate charges at a later time is not a disposition on the merits, for reinstatement of charges forces a defendant to come to court again and again until the case finally is disposed of through trial. (*Nelson*, 18 Ill. App. 3d at 630, 631, 310 N.E.2d at 177, 178.) This the rules do not allow. Consequently, dismissal on the merits, barring any subsequent prosecution on the same charges, was warranted here. (*Nelson*, 18 Ill. App. 3d at 631-32, 310 N.E.2d at 178. See also *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798; *People v. Snyder* (1980), 81 Ill. App. 3d 721, 722-23, 402 N.E.2d 300, 301; *People v. Novak* (1979), 68 Ill. App. 3d 453, 456, 386 N.E.2d 459, 462; *City of Belleville v. Watts* (1978), 61 Ill. App. 3d 538, 543, 378 N.E.2d 213, 216.) Under the framework established by Rules 504 and 505, dismissal on the merits constitutes a final judgment, tantamount to an acquittal. Any further prosecution on the same charges following such a dismissal therefore violates the ban against double jeopardy. (See *Nelson*, 18 Ill. App. 3d at 630-32, 310 N.E.2d at 177-78. See also *People v. Creek* (1983), 94 Ill. 2d 526, 532-33, 447 N.E.2d 330, 333; *People v. Lorah* (1986), 142 Ill. App. 3d 163, 164, 491 N.E.2d 793, 795; *People v. Brookbank* (1979), 79 Ill. App. 3d 412, 415, 398 N.E.2d 632, 634-35.) Defendant, in accordance with

Rules 504 and 505, is entitled to dismissal of the reinstated charges. *Cf. People v. Shields* (1979), 76 Ill. 2d 543, 546-47, 394 N.E.2d 1161, 1162-63; *People v. Jones* (1979), 75 Ill. App. 3d 945, 947, 393 N.E.2d 1372, 1374; *People v. Howell* (1977), 46 Ill. App. 3d 300, 301-02, 360 N.E.2d 1212, 1213.

■■ The State argues, however, it filed a criminal complaint against defendant thereby removing the case from the scope of Rules 504 and 505 under the holding of *People v. Davis* (1982), 104 Ill. App. 3d 120, 122-23, 432 N.E.2d 947, 948-49. The State may not circumvent these rules simply by filing criminal complaints. (See *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798.) Unlike the circumstances of *Davis*, the State here did not file the information the next day, but instead waited some 10 days later. More importantly, however, defendant was not served with notice of the filing of the information until in open court on December 7. By that time, defendant already was entitled to discharge. The complaint therefore had no effect and did not serve to remove defendant's case from the scope of Rules 504 and 505. (See *Herbert*, 122 Ill. App. 3d at 45-46, 460 N.E.2d at 88; *Mears*, 84 Ill. App. 3d at 271, 405 N.E.2d at 447. See also *Davis*, 104 Ill. App. 3d at 123, 432 N.E.2d at 949.) Such methods to defeat enforcement of Supreme Court Rules 504 and 505 simply cannot be permitted.

For the aforementioned reasons, we reverse the order of the circuit court of Fayette County reinstating prosecution of defendant's case and remand for dismissal of the charges against him with prejudice.

Reversed and remanded with directions.

HARRISON and GOLDENHERSH, JJ., concur.