**People of the State of Illinois, Plaintiff-Appellee, v. Frederick J. Harr, Defendant-Appellant.**

**Gen. No. 67–117.**

Second District.

March 14, 1968.

Marco and Mannina, of Downers Grove, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Kevin P. Connelly and Patrick Mazza, Assistant State's Attorneys, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

The defendant, Frederick J. Harr, after a bench trial, was found guilty of driving a motor vehicle while his operator's license was suspended. The Magistrate im-

posed a sentence of seven days in the county jail and a fine of one hundred dollars and costs, from which defendant appeals.

Defendant contends that the court erred in denying his motion to suppress evidence without a hearing; and in denying the same motion after evidence adduced by the State. The evidence sought to be suppressed was defendant's driver's license which showed an expired date on its face, and the certificate of the Secretary of State showing the suspension.

The testimony of the police officer as stipulated was: at about 1:30 a. m. on April 15, 1967, he observed the defendant's motor vehicle coming out of a gas station which was closed for business for the night; that the vehicle proceeded westbound on Warren Street; that the vehicle and its driver appeared suspicious and since he had not seen this vehicle in this vicinity before, he made a routine stop of the defendant's vehicle to determine who the defendant was, where he was going and where he had been; that he asked the defendant for his driver's license and the defendant produced an expired license. That the defendant was taken to the police station where a check was made and it was determined that the defendant's license was suspended. At the time he first saw the defendant and at all times prior to his stopping defendant, the defendant was not violating any ordinance of the Village of Downers Grove, statute of the State of Illinois, nor any law of the United States; that he stopped the defendant on suspicion.

On these facts the State argues that there was no illegal arrest or search in that the officer was empowered to stop a motor vehicle and ask the driver to produce his license under the provisions of chapter 95½, section 6–118 of the Illinois Revised Statutes; that if the demand of the officer constituted a search, defendant consented; and finally, that the driver's license was not admitted

in evidence, but a separate public record of the office of Secretary of State certifying to the suspension.

At issue is whether a police officer can stop a motorist for purpose of identifying him and inquiring of him where he is going and where he has been on mere suspicion which is not based upon any known violation of law; and after stopping the motorist and demanding his driver's license, arrest him for an apparent license violation.

The State claims the right to stop the motorist initially under the provisions of chapter 95½, section 6–118, Illinois Revised Statutes 1965, which provides:

> "*License and permits to be carried and exhibited on demand.* Every licensee or permittee shall have his operator's or chauffeur's license or permit in his immediate possession at all times when operating a motor vehicle and, for the purpose of indicating compliance with this requirement, shall display such license or permit if it is in his possession upon demand made, when in uniform or displaying a badge or other sign of authority, by a member of the Illinois State Highway Police, a sheriff or other peace officer or designated agent of the Secretary of State. However, no person charged with violating this Section shall be convicted if he produces in court or the office of the arresting officer satisfactory evidence that an operator's or chauffeur's license was theretofore issued to him and was valid at the time of his arrest."

██ ██ The facts in this case indicate that the police officer here did not stop the defendant's car for the purpose of enforcing this statute. He stopped it, on the admitted facts, for the purpose of finding out who the defendant was, where he had been and where he was going. The statute cannot, in any event, be made ap-

plicable as authority to inspect the license as a mere subterfuge to obtain information or evidence not related to the licensing requirement. Cox v. State, 181 Tenn 344, 181 SW2d 338; Anno: Requiring Motorist To Show License, 154 ALR 812.

The State has cited the cases of Morgan v. Town of Heidelberg, 246 Miss 481, 150 So2d 512; State v. Campbell, 95 RI 370, 187 A2d 543, and People v. King, 175 Cal App2d 386, 346 P2d 235, in support of its position. It appears to the court that they do not. In the Morgan case the defendant attempted to evade a roadblock which was for the sole purpose of examining all drivers' licenses during a certain period of time under a statute similar to the provision in Illinois. The court held that the statute, by necessary implication, empowered the officers to stop cars and require exhibition of licenses, but only where it was done in good faith for that specific purpose and not as a mere subterfuge or excuse. Similarly, in the Campbell case, the officer stopped the motorist for the express purpose of checking his driver's license. In the King case the agent stopped the defendant after having had information about a robbery which had been recently committed in the vicinity, including description of car and occupant which closely fitted, and no driver's license demand was involved.

In Mincy v. District of Columbia, 218 A2d 507, 508, the court upheld the conviction for the driver's license violation but reiterated that stopping a motorist for a routine check to see whether he possessed a valid driver's license could not be used as a substitute for search for evidence of some possible crime unrelated to the possession of the license.

██ ██ Nor can the conviction of the defendant be sustained on any other grounds. The conviction flows from the demand for the driver's license, and the State's argument that an independent record was offered and ad-

mitted is without merit. The facts do not justify the conclusion that defendant consented except as the consent was secured by the officer's demand and the authority of his office. This does not amount to a waiver of defendant's constitutional rights. U. S. v. O'Connell, 43 F2d 1005; People v. Zazzetta, 27 Ill2d 302, 311, 189 NE2d 260. Nor can the search for the driver's license be justified on the basis of the mere suspicion testified to by the officer unsupported by any other facts in the record amounting to probable cause. U. S. v. O'Connell, supra; People v. Zazzetta, supra; People v. Catavdella, 31 Ill2d 382, 387, 202 NE2d 1.

The conviction is reversed.

Reversed.

DAVIS and MORAN, JJ., concur.