**People of the State of Illinois, Plaintiff-Appellant, v. Paul Hays, Defendant-Appellee.**

Gen. No. 68–98.

Second District.

January 29, 1969.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and J. Michael Fitzsimmons, Jr., Assistant State's Attorney, for appellant.

Max Peterson, of Sandwich, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

The plaintiff, State of Illinois, appeals from an order allowing a motion to suppress certain evidence.

The defendant, Paul Hays, while driving a second division vehicle (pickup truck) was stopped by an officer of the Woodridge police department for not having the name and address of the owner painted on the sides of the vehicle as provided by section 125(b) of the Uniform Act Regulating Traffic on Highways. (Ill Rev Stats 1967, c 95½, § 222(b).) The defendant posted his driver's license with the officer instead of a cash bond. The license, on its face, seemed valid; however, after checking with the Secretary of State's office it was discovered that the license had been suspended. Approximately 22 days after the defendant's original arrest, the plaintiff filed a new complaint charging the defendant with driving a motor vehicle after his driver's license was suspended which was contrary to section 6–303(a) of the Drivers License Act (Ill Rev Stats 1967, c 95½, § 6–303(a)).

A motion to suppress any evidence that would reveal the suspension of the defendant's driving privileges was filed, argued and allowed. It is from this order of suppression that the State appeals.

Although the defendant has failed to file answering briefs, a review of the record reveals that he relied solely upon the case of People v. Harr, 93 Ill App2d 146, 235 NE2d 1 (1968), decided by this Court, as authority for his motion in the trial court. It being his

contention and assumption that the Harr case is analogous to the facts in the instant case, he therefore concludes that such evidence should be suppressed. This is not a correct assumption or conclusion. In the Harr case, the original stopping of the defendant was on suspicion with an ensuing search which disclosed an invalid driver's license. In short, there were no grounds for the arrest of the defendant in the first instance, that is, no probable cause or specific facts that led to reasonable grounds for stopping him. Therefore the fruits of the search which ensued were held, by this Court, to be subject to a motion to suppress.

However, in the case at bar, the original arrest was valid. The vehicle which the defendant was driving did not comply with the law as required by section 125(b), supra. The defendant voluntarily deposited his driver's license with the plaintiff instead of a cash bond, as he had a right to do. This in our opinion did not constitute a search and seizure. Thereafter, the police had every right to confirm the validity of the security left in lieu of cash.

We are of the opinion that none of the defendant's constitutional or statutory rights were invaded or breached and the trial court misinterpreted our holding in the Harr case.

Therefore the judgment of the trial court is reversed and this cause is remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded.

ABRAHAMSON and DAVIS, JJ., concur.