THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PETER B. EPPERLEY, Defendant-Appellee.

(No. 75-146;

Second District (1st Division)—December 11, 1975.

Gerry L. Dondanville, State's Attorney, of Geneva (Thomas E. Hogan, Assistant State's Attorney, of counsel), for the People.

No brief filed for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from the order granting defendant's motion to suppress evidence. It contends that the record shows that the cannabis which was the subject of the motion to suppress was in plain view of the officer who had stopped the defendant because of his erratic driving. The defendant has not filed a brief or otherwise appeared. However, we exercise our discretion to decide the appeal on its merits.

In the State's brief reference is made only to the testimony of Officer Gonzalez. The officer testified that after he stopped the defendant for erratic driving he approached the car and asked defendant for his driver's license; that he noticed defendant slide over to the passenger seat and approached him; that defendant after looking in his glove compartment and around him told the officer he didn't have the license with him. Gonzalez further testified that he observed defendant weaving back as if he were intoxicated. Gonzalez said he then shined his flashlight into the auto to see if there was a weapon or open liquor and that he saw a leafy substance appearing from a shopping bag which was wide open on the floorboard behind the passenger seat in plain view.

However, we have been obliged to review the record to find that the partner of Gonzalez, Officer Lifto, who testified on direct examination that the defendant did not get out of the car until after the search, was impeached by his testimony at the preliminary hearing and conceded that defendant did exit the car before Gonzalez approached. Lifto testified that Gonzalez, after questioning defendant outside the car, patted him down for weapons and then went to the car and looked all around

its interior using his flashlight. This corroborated defendant's testimony as to the on-the-scene facts and the court expressly stated that he was therefore impelled to believe defendant's testimony on this particular question. The judge then concluded that since defendant was outside of the car there was no need for the officer to make a search of the car and further concluded that since a flashlight was required the contraband could not be considered to be in "plain view."

■■ There was no real question on the record but that the defendant had been observed by Officer Lifto as well as Officer Gonzalez crossing the center line of the road several times, once as much as by the width of half a car. It was also undisputed that the defendant was unable to produce a driver's license when he was stopped. Under these circumstances the traffic stop was, of course, justified and unquestionably there was authority to search the defendant's person. See *United States v. Robinson*, 414 U.S. 218, 38 L.Ed.2d 427, 94 S.Ct. 467 (1973); *Gustafson v. Florida*, 414 U.S. 260, 38 L.Ed.2d 456, 94 S.Ct. 488 (1973).

■■ When an initial stop of a motorist is based upon probable cause a warrantless search may be conducted for a permissible purpose in an automobile from which the defendant has alighted. (*People v. Zazzetti*, 6 Ill.App.3d 858, 862 (1972); *People v. Scherer*, 23 Ill.App.3d 473, 474-475 (1974). See also Ill. Rev. Stat. 1973, ch. 38, par. 108—1(d).) Because of the fact that the defendant was unable to produce a driver's license and also had been seen weaving on the highway, it would appear that the officers had a right to inspect the vehicle at least for the limited purpose of ascertaining the registration and to search for evidence of liquor which could account for the erratic driving. See *People v. Scherer*, 23 Ill.App.3d 473, 474 (1974); *People v. Zazzetti*, 6 Ill.App.3d 858, 862 (1972).

The marijuana, of course, was not what the officers were looking for. However, under the "plain view" doctrine when it first appears that the officer has the right to be in the position to have that view, seizure without a warrant of evidence of another crime which is inadvertently seen in plain view is justified and may not be considered the product of an unreasonable search. *People v. Tate*, 38 Ill.2d 184, 187 (1967); *People v. Oliver*, 129 Ill.App.2d 83, 89 (1970). See also *United States v. Drew*, 451 F.2d 230 (5th Cir. 1971); *United States v. Brown*, 470 F.2d 1120 (9th Cir. 1972); *United States v. Bright*, 471 F.2d 723, 725 (5th Cir. 1973). Compare *Almeida-Sanchez v. United States*, 413 U.S. 266, 37 L.Ed.2d 596, 93 S.Ct. 2535, 2537-38 (1973); see also Annot., 10 A.L.R. 3d 314 § 8(b), (c) (1966).

■■ The trial court erroneously concluded that the contraband could not have been in the "plain view" of the officer because he had to use

a flashlight in order to see the plants in the shopping bag. The use of artificial light to observe that which is in a position to be plainly seen does not alter the doctrine. *People v. Bombacino*, 51 Ill.2d 17, 22 (1972). See also *People v. Oliver*, 129 Ill.App.2d 83 (1970); *People v. Pickett*, 39 Ill.2d 88, 90 (1968).

We therefore reverse the judgment of the trial court and remand the cause with directions to further proceed in conformity with the views expressed in this opinion.

Reversed and remanded.

GUILD and HALLETT, JJ., concur.