THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM L. HUTSON, Defendant-Appellant.

First District (1st Division)   No. 63043

Opinion filed February 14, 1977.

Russell M. Kofoed of Lederer, Fox & Grove, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, William L. Hutson, was tried and convicted of the offense of driving while his license was revoked in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 6—303) and sentenced to 20 days in jail. He appeals, raising two issues: (1) whether the trial court erred in denying defendant's motion to dismiss pursuant to Supreme Court Rule 504 (Ill. Rev. Stat. 1973, ch. 110A, par. 504); and (2) whether the trial court erred in failing to suppress all evidence pertaining to his driver's license and his driving record.

On September 17, 1974, defendant was observed by State Trooper Wittenbrink for approximately three-quarters of a mile driving on the Tri-State Tollway at 20 to 25 miles per hour with the driver's door open with his foot protruding and 10 to 15 cars backed up behind him. The minimum speed limit at that point was 45 miles per hour. Wittenbrink stopped defendant and, after defendant was unable to produce a driver's license and a radio check showed that defendant's license had been revoked, issued a complaint to defendant for driving while his license was revoked. The complaint required defendant to appear in court on December 5, 1974. When defendant failed to appear on that date, a bond forfeiture warrant was issued and the cause continued to February 6, 1975. Defendant appeared and posted a bond on December 13, 1974.

On February 6, 1975, the court vacated the bond forfeiture and on the State's motion continued the cause to April 10, 1975. On that date defendant's counsel moved to dismiss the complaint pursuant to Supreme Court Rule 504, which provides that the date set by the arresting officer for a defendant's appearance in court shall not be less than 10 days but within 45 days after the date of the arrest, wherever practicable (Ill. Rev. Stat. 1975, ch. 110A, par. 504). Because of a crowded docket, the case was continued to June 5, 1975. On that date defendant pleaded not guilty and waived a jury. The trial court denied defendant's motion to dismiss and proceeded to trial. During the trial the court denied defendant's oral motion to suppress all evidence pertaining to his driver's license and his driving record.

■■ Defendant argues that the trial court improperly denied his motion to dismiss pursuant to Rule 504 because the return date on his ticket was not set within 10 to 45 days of the date of arrest and the State failed to show it was impracticable to set the return date in that period. There is no dispute that the return date of December 5, 1975, was 79 days after defendant's arrest. That fact alone, however, is not sufficient in and of itself to require dismissal, because the rule is directory only as to the time limitations. (*Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59.) If the return date is not within the 10-45 day period, the State must show it was impracticable so to set it (*Fagan*).

■■ The record discloses that traffic tickets issued by State police officers sent to Springfield for processing take 20 days and that, because of the greater distances covered by State police officers on their patrol of the State's highways, a State police officer only has a court date every two months. Officer Wittenbrink had one court date less than 20 days after the issuance of the ticket to defendant and the ticket had not been processed through Springfield and consequently would not be returned to the circuit court clerk before that court date. The December 5 court date was Officer Wittenbrink's next court date. Under these circumstances, the trial court concluded that it was impracticable to set an earlier return date and the motion to dismiss was denied. We cannot say that the trial court abused his discretion in so ruling.

Although the time limits in Supreme Court Rule 504 are directory only, our decision is not to be construed as giving the State police or any other police department or arresting officer in traffic offenses complete discretion in the setting of the date for a defendant's appearance in court. It would seem appropriate that more precise time limits might be set by supreme court rule or by statue.

■■ Defendant also argues that there was no probable cause for his arrest and that the trial court, therefore, improperly failed to suppress the evidence concerning his driver's license and his driving record, relying on *People v. Harr* (1968), 93 Ill. App. 2d 146, 235 N.E.2d 1. His reliance is misplaced. In that case there was no probable cause for Harr's arrest because the arresting officer testified that at the time of his arrest Harr was committing no violation of any local ordinance or statute. In the case at bar the arresting officer observed defendant on the Tri-State Tollway, which has a minimum speed of 45 miles per hour, driving for three-quarters of a mile at 20 to 25 miles per hour with the driver's door open 12 to 18 inches, his foot protruding and 10 to 15 cars backed up behind him and that the arresting officer stopped him for that driving which was a violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 1—100 *et seq.*). That violation provided probable cause for stopping defendant. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—606; *People v. Epperley* (1975), 33 Ill. App. 3d 886, 338 N.E.2d 581; *People v. Erb* (1970), 128 Ill.

App. 2d 126, 261 N.E.2d 431.) Having made that stop, Officer Wittenbrink properly requested to see defendant's driver's license. (Ill. Rev. Stat. 1973, ch. 95½, par. 6—118; ch. 121, par. 307.16.) When defendant did not produce a driver's license and a radio check disclosed that defendant's license had been revoked, the officer properly arrested defendant for driving while his license was revoked.

■■ Defendant also argues that the trial court prejudiced defendant by improperly refusing to allow defense counsel to cross-examine Officer Wittenbrink as to certain matters. Two of the questions to which objections were sustained were directed to whether citations were issued to defendant for having his door opened and for creating a traffic hazard. Defendant was not prejudiced by the sustaining of objections to those questions because probable cause did not rest on the issuance of citations but on the conduct in violation of the law observed by the officer. (*People v. Epperley* (1975), 33 Ill. App. 3d 886, 338 N.E.2d 581; *People v. Erb* (1970), 128 Ill. App. 3d 126, 261 N.E.2d 431.) The third question to which objection was sustained concerned the existence of a search or an arrest warrant for defendant. The objection was properly sustained. An arrest for probable cause presumes that there was no warrant. (Ill. Rev. Stat. 1973, ch. 38, par. 107—2(c).) Further, even if the objections were improperly sustained, defendant was not prejudiced because of the undisputed evidence of probable cause. *People v. Monroe* (1975), 32 Ill. App. 3d 482, 335 N.E.2d 783.

■■ ■ The trial court properly denied the motion to suppress.

Although not raised by defendant, we are of the opinion that defendant's 20-day sentence is excessive. Section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 6—303) provides:

> "(a) Any person who drives a motor vehicle on any highway of this State at a time when his drivers license or permit or privilege so to do or his privilege to obtain a license or permit under this Act is revoked or suspended as provided by this Act or any other Act, except as may be allowed by a restricted driving permit issued under this Act, shall be guilty of a Class A misdemeanor and shall be imprisoned for not less than 7 days."

From our examination of the record, we conclude that the minimum statutory sentence will fulfill the purposes of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—2). Accordingly, under the authority granted by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)), we reduce defendant's sentence to 7 days. As modified, the conviction is affirmed.

Affirmed as modified.

GOLDBERG, P. J., and McGLOON, J., concur.