THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
TERRY BRAND, Defendant-Appellee.

First District (1st Division)    No. 78-1473

Opinion filed April 23, 1979.—Modified on denial of rehearing May 21, 1979.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Marcia B. Orr, Iris E. Sholder, and Ira H. Raphaelson, Assistant State's Attorneys, of counsel), for the People.

Ralph Ruebner, of State Appellate Defender's Office, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

The State appeals from a judgment of the circuit court of Cook County sustaining the motion of defendant, Terry Brand, to quash his arrest and suppress evidence. The State contends that the police acted properly in stopping defendant's vehicle which resulted in defendant

being charged with driving while his license was suspended. Ill. Rev. Stat. 1977, ch. 95½, par. 6—303.

At a hearing on the motion to quash defendant's arrest, Officer Michael Severns testified that about 10:45 a.m. on November 2, 1977, he saw defendant driving a motor vehicle. The officer did not see defendant committing a violation of the Criminal Code, nor did he have a warrant for defendant's arrest. However, defendant was driving 20 miles per hour in a 45-mile-per-hour speed zone for about one-quarter of a mile before this witness stopped him. Other vehicles were traveling at the posted speed limit. When the officer made a radio inquiry concerning the license plates on defendant's car, he was advised the plates were registered for a Lincoln Continental. Officer Severns was also informed that the model year was unknown and said that this was unusual. After obtaining defendant's driver's license, it was checked and found to be suspended. Defendant was then arrested. Officer Severns stated that defendant did produce a valid, although badly faded, car registration card.

Defendant testified that Officer Severns had followed his car for several blocks before he was stopped. Defendant said that he was looking for a company which he believed was located somewhere in the area.

The State argues that the trial court erred in sustaining defendant's motion to suppress. The State says the trial court's observation that Officer Severns' radio inquiry concerning the registration of defendant's car was not justified and constituted an unreasonable search was error. It also maintains that the court was mistaken in applying the concept of probable cause to an investigatory stop, and that the fact defendant was driving too slowly, the plates were registered to a car whose model year was unknown and the officer's authority to demand production of a valid driver's license and car registration justified the police officer's conduct in this case.

■■ A search connotes a prying into hidden places to observe items which are concealed; there is no search attendant to viewing an object which is open to view. (*People v. Berg* (1977), 67 Ill. 2d 65, 68, 364 N.E.2d 880; *People v. George* (1971), 49 Ill. 2d 372, 378, 274 N.E.2d 26.) In the present case, all the police officer did was view defendant's car license plate, which was in plain sight; he then checked the registration of the plates to determine if it was proper. Since it is unlawful to operate a vehicle on a roadway without proper registration (see Ill. Rev. Stat. 1977, ch. 95½, par. 3—701), the officer's conduct was not inappropriate in this regard. See *United States v. Radford* (7th Cir. 1971), 452 F.2d 332, 334.

Defendant does enjoy the protection of the Fourth and Fourteenth Amendments of the Federal Constitution because the stoppage of an automobile and detention of its occupants is a seizure within the purview

of those provisions. (*Delaware v. Prouse* (1979), ___ U.S. ___, 59 L. Ed. 2d 660, 667, 99 S. Ct. 1391, 1396.) There, the United States Supreme Court prohibited the discretionary, random stops of motor vehicles merely to check driver's licenses or vehicle registration. However, the court there noted: "Vehicle stops for traffic violations occur countless times each day; and on these occasions, licenses and registration papers are subject to inspection and drivers without them will be ascertained." (___ U.S. ___, ___, 59 L. Ed. 2d 660, 671, 99 S. Ct. 1391, 1399.) The court emphasized that there must be "at least articulable and reasonable suspicion" that the motorist is subject to seizure by stopping his vehicle and checking his license. (___ U.S. ___, ___, 59 L. Ed. 2d 660, 671, 99 S. Ct. 1391, 1401.) We must therefore determine whether the officer in the present case had a basis to stop defendant's vehicle.

■ We reject the State's suggestion that the stop can be justified because the officer was unable to obtain the model year of the vehicle to which the plates were registered. There is no suggestion that Officer Severns was informed as a result of his radio inquiry that the license plates were registered to a car which differed from the make of defendant's vehicle. While it may have been unusual that the model year of defendant's vehicle was not given in response to the radio inquiry, such deficiency is traceable to a governmental source and not to any conduct by defendant. Moreover, such deficiency does not suggest any reasonable suspicion that defendant was violating any law. (Compare *People v. Lilly* (1976), 38 Ill. App. 3d 379, 347 N.E.2d 842, and *People v. Harr* (1968), 93 Ill. App. 2d 146, 235 N.E.2d 1.) We do not believe that the State may rely on its own seeming lack of information as a specific articulable basis to justify the stop of defendant's car when other information is available tending to support the conclusion that the vehicle is properly registered.

In our view, the only potential articulable reason to stop defendant's vehicle is related to its rate of speed, which was substantially below the posted speed limit at which vehicles were being driven. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—606(a).) Defendant does not contest the general authority of police to stop a vehicle which is traveling too slowly for conditions (*People v. Hutson* (1977), 45 Ill. App. 3d 977, 360 N.E.2d 548), but he maintains that the record does not show that his greatly reduced speed impeded or blocked other traffic as prohibited by the above-mentioned statute.

■ The question is whether his admittedly driving at a substantially reduced rate of speed provided an articulable circumstance permitting the police to stop his car and check his driver's license. While a very slowly driven vehicle may pose a hazard to other motorists who operate their vehicles at a faster rate (see *Leonard v. Pacific Intermountain Express Co.* (1976), 37 Ill. App. 3d 995, 999, 347 N.E.2d 359), the record

does not demonstrate that defendant's manner of driving resulted in a substantial danger to other motorists. The incident in question occurred on a suburban roadway at 10:30 a.m.; there was no posted minimum speed limit as in *People v. Hutson* (1977), 45 Ill. App. 3d 977, 360 N.E.2d 548; and no indication that traffic was affected in any manner by defendant's conduct. We are of the opinion that the officer was not presented with articulable circumstances justifying his stopping defendant. We therefore affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.