THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MARIO ALFONSO, Defendant-Appellee.

First District (2nd Division)   No. 1—87—3650

Opinion filed November 28, 1989.

SCARIANO, J., dissenting.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Lacoulton Walls, and Brian Grossman, Assistant State's Attorneys, of counsel), for the People.

Massucci, Blomquist, Brown & Judson, of Arlington Heights (Ernest Blomquist and Brian Crowley, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

The subject of this appeal concerns the application of Illinois Supreme Court Rule 504 (107 Ill. 2d R. 504), which provides, in part, that appearance dates for traffic cases shall be set "not less than 14 days but within 49 days after the date of the arrest, whenever practicable." The State contends the circuit court erroneously granted defendant's motion to dismiss on the grounds that it was practicable to schedule defendant's appearance date within the time period set forth by Supreme Court Rule 504.

On September 2, 1987, defendant was arrested in Schaumburg, Illinois, and charged with driving under the influence of alcohol, following too closely, failing to signal when required, driving on a revoked license and transportation of open alcohol. The arresting Schaumburg police officer scheduled defendant's first court appearance for September 15, 1987, 13 days after the arrest. Defendant appeared on September 15 and requested a continuance to arrange for an attorney. The continuance was granted to October 20, 1987. On that date, defendant's attorney appeared and orally moved to dismiss pursuant to Supreme Court Rule 504; in response, the State requested a continuance.

On October 27, 1987, a hearing was conducted on defendant's written motion to dismiss. The arresting officer testified that he scheduled defendant's court appearance on September 15, 1987. Although this date was one day earlier than the 14-day minimal time limit set forth in the guidelines of Supreme Court Rule 504, it was the officer's first scheduled court date following defendant's arrest. The officer's next scheduled court date was October 20, 1987, 48 days after the arrest. The officer testified he did not set the court appearance on the later date because he thought it should be scheduled before the 46-day statutory summary license suspension deprived defendant of his driver's license. The officer also stated that he was away at a five-day seminar beginning on October 5, 1987, and on va-

cation for nine days beginning on October 10, 1987.

Defense counsel argued that the courtroom in which defendant's case would have been heard was in the same facility in which the police station was located. Counsel also claimed there were at least nine court dates for the Schaumburg police department on the court calendar prosecuted by the State's Attorney's office within the prescribed time period. Lastly, defense counsel stated that the adjoining communities of Elk Grove Village, Hoffman Estates, and Hanover Park had assistant State's Attorneys available during the time period at issue. In response, the State admitted that the case was not set within the 14- to 49-day period prescribed by Rule 504, but contended it was not practicable for the officer to do so.

The circuit court granted defendant's motion to dismiss, pursuant to Rule 504. In determining that it was practicable for the arresting officer to schedule defendant's court date within the 14- to 49-day period, the court observed that

> "the officer was present in court and did testify on the 49th day on one of his regular key dates. *** [E]vidently it was very practicable to be here because he was here and that was his scheduled date."

The court then concluded:

> "The officer had a practicable date on the 49th day, undisputed. He chose, in good faith, to set a different date because he was concerned about the 46 days of the summary suspension. *** However, under those Supreme Court Rules, I do not believe that Rule 504 was followed. It was obviously practicable to set the uniformed [sic] traffic citation for the 49th day. And, therefore the uniform traffic citation charges will be dismissed pursuant to Supreme Court Rule 504."

The State appeals.

■ The State first contends the circuit court abused its discretion when it granted defendant's motion to dismiss, suggesting defendant waived his right to present the motion by failing to do so at his initial court appearance. This contention is without merit; defendant's objection to his appearance date was raised in a timely fashion and addressed thoroughly by the circuit court at the October 27, 1987, hearing.

■ The State next contends the dismissal was improper because it was impracticable to schedule defendant's appearance date between the 14- to 49-day period set forth in Supreme Court Rule 504. It is undisputed that the appearance date was not set within the specified period. That fact, however, is not sufficient in and of itself to require

dismissal; the rule is not absolute and is directory only as to the time limitations. (*Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59; *People v. Hutson* (1977), 45 Ill. App. 3d 977, 360 N.E.2d 548.) If the appearance date is not set within the rule's time period, the State is required to establish it was impracticable to do so. (*Fagan*, 64 Ill. 2d 264; *People v. Hutson*, 45 Ill. App. 3d at 979.) Further, the circuit court's determination regarding the impracticability of setting that date within the prescribed period will not be disturbed absent an abuse of discretion. *People v. Hutson*, 45 Ill. App. 3d at 979.

■■ The question on appeal, therefore, is not whether the failure to schedule defendant's appearance date within the time period of Rule 504 caused "any injury to [the] public interest or [to] private rights," as suggested by the dissent. (See 191 Ill. App. 3d at 967.) We do not read *Fagan* to allow noncompliance with the time periods prescribed in Rule 504 as long as no "injury to the public interest or to private rights" results; that language in *Fagan* supported the supreme court's conclusion that those time limitations were directory. The court then states in the following paragraph (*Fagan*, 64 Ill. 2d at 268):

> "To comply with the rule, an arresting officer should schedule [timely] appearance dates *'whenever practicable,' notwithstanding the directory construction we hereby give to the rule.*" (Emphasis added.)

The good intentions of the arresting officer or the convenience of the parties are irrelevant where, as here, it was practicable to set the appearance date within 14 to 49 days after the date of the arrest.

■■ Therefore, we must determine whether the circuit court abused its discretion in finding that it was practicable to set the appearance date within the rule-prescribed 14- to 49-day period after defendant's arrest. In the instant case, defendant's appearance date was scheduled 13 days after his arrest, rather than the 14-day minimum specified in Rule 504. The circuit court expressly noted, however, that the arresting officer was scheduled for a regular court date, and in fact did appear in court, within a 49-day period after defendant's arrest. Based upon these facts, the court found that it was practicable for the appearance date to be set within the time period provided in Rule 504. The record further indicates that the court recognized but rejected the "good faith" reason for setting the date outside of the 14- to 49-day span, instead closely following the plain language of the rule.

In light of its careful review of the circumstances, we simply can-

not say the circuit court abused its discretion in finding that it was practicable to set the appearance date within the guidelines of Rule 504. The order of dismissal must be affirmed.

Affirmed.

BILANDIC, P.J., concurs.

JUSTICE SCARIANO, dissenting:

I respectfully dissent. As the majority opinion notes, the supreme court held in *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 267, 356 N.E.2d 59, that the language of Rule 504 "clearly indicates that the 45-day period is not meant to be absolute." The court went on to "observe that Rule 504 contains no language which denies the municipality's right to prosecute or the trial court's jurisdiction to hear the case where the appearance date is not timely set. *** Nor do we believe that violation of the rule would ordinarily cause any injury to public interest or private rights." Accordingly, the court held "that the time limitations in Rule 504 are directory." 64 Ill. 2d at 268.

Here, although it appears to have been practicable to have set the case within the time frame of the rule, the record establishes that the officer did not do so because he thought he had to schedule the matter before the defendant's statutory summary suspension went into effect. The trial judge acknowledged that the officer "chose, in good faith, to set a different date because he was concerned about the 46 days of the summary suspension. Nobody could fault him for that." Nevertheless, the judge dismissed the "charges pursuant to Supreme Court Rule 504" because "it was obviously practicable to set the *** citation for the 49th day."

Defendant does not disagree with the trial judge's finding that Officer Young acted in good faith when he missed complying with Rule 504 by one day; nor does he dispute that the officer's good faith was based on the honest belief that defendant's case had to be scheduled before the statutory summary suspension went into effect "because my next court day was the 20th of October, and I thought for the law enforcement sworn report it had to be 46 days or prior, or earlier."

I therefore find it difficult to understand how Officer Young's sincere attempt to accommodate defendant, in the words of our supreme court in *Fagan*, caused "any injury to [the] public interest or [to] private rights." Nor do I read the supreme court's holding in *Fagan* "that the time limitations in Rule 504 are directory" to be regarded as *ad hoc.* 64 Ill. 2d at 268.

Accordingly, I would reverse and remand the cause for trial.