THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL W. HONNOLD, Defendant-Appellant.

Fourth District   No. 4—89—0207

Opinion filed December 5, 1989.

Edward Q. Costa, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On January 5, 1989, the circuit court of Macon County found defendant Daniel W. Honnold guilty of driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)) and driving at a speed greater than that which is reasonable and proper (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601(a)). The court subsequently placed him on court supervision for a period of one year and imposed a $550 fine.

On appeal, defendant contends he was denied his right to a speedy trial on the theory Supreme Court Rule 505 (113 Ill. 2d R. 505) granted him a right to trial within 49 days of his initial court appearance. We disagree with this interpretation of Supreme Court Rule 505 and affirm.

At all times pertinent, Supreme Court Rule 504 provided that, in traffic and conservation violation cases, "whenever practicable," an arresting officer "shall" set a date for an accused's appearance in court at not less than 14 days but within 49 days after the date of his arrest. (113 Ill. 2d R. 504.) At all times pertinent, Supreme Court Rule 505 provided that, if an accused intended to plead not guilty, the accused was required to notify the clerk of the court in which he was charged of that intent within five days of the set appearance date,

upon receipt of which "the clerk [was directed to] set a new appearance date not less than 7 days *nor more than 49 days after the original appearance date set* by the arresting officer, and notify all parties of the new date and the time for appearance." (Emphasis added.) 113 Ill. 2d R. 505.

Here, the arresting officer charged defendant by citation with the previously mentioned offenses on August 21, 1988. The officer then scheduled defendant's first court appearance for September 27, 1988. On September 9, 1988, defendant, by and through his attorney, entered his appearance in the cause, demanded a bench trial, and pleaded "not guilty" to the charges.

Defendant and his attorney appeared in court on September 27, 1988, the date previously set by the arresting officer. At that time, the court allotted the cause for bench trial on December 15, 1988. No transcript was made of that hearing, and the docket sheet does not indicate whether defendant objected at that time to the December trial date set by the court.

On November 23, 1988, defendant moved to dismiss the charges pending against him. He claimed more than 49 days would have elapsed from the original appearance date until the date of trial, and, thus, pursuant to Supreme Court Rule 505, the charges had to be dismissed. At the hearing held on that motion, the State argued in part the 49-day time limit did not have to be met under the circumstances because: (1) the actual scheduling of cases on the court's docket was beyond the control of the prosecutor; and (2) defendant had failed to object to the trial date at the time it was set and did not demand an earlier setting.

The court subsequently denied defendant's motion. In doing so, it reasoned defendant had " 'implicitly' agreed to continuing the matter beyond the statutory forty-nine [day] trial time limit" by appearing personally and with counsel on September 27, 1988, and failing to object to the December 15, 1988, trial date. The matter proceeded to bench trial, and defendant received the aforementioned convictions and sentences.

The defendant has maintained throughout that, under the holdings in *People v. McCarrey* (1984), 122 Ill. App. 3d 61, 460 N.E.2d 781, *People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443, and *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174, Supreme Court Rule 505 gives a defendant an absolute right to a bench trial within 49 days after the first appearance date as established by Supreme Court Rule 504. Originally, the State did not contest the foregoing rule as a general proposition but contended here the special cir-

cumstance of the failure of defendant to object to the court order setting the trial at a later date and the situation created by a heavy docket which prevented the court from giving an earlier setting justified a setting beyond the 49-day period.

This court became concerned with whether the statement in Supreme Court Rule 505 that the "clerk" of the court set a subsequent appearance date within 49 days of the first appearance date created a right of the defendant to a trial within that period of time. We requested further briefing of the parties. Defendant stands by his original position, but the State now contends the directions to the clerk do not bind the court to holding a bench trial within the 49-day period.

Consideration of the lengthy, full provisions of Supreme Court Rule 505 as in force at times pertinent here is desirable at this stage of our discussion. It stated:

"When issuing a Uniform Citation and Complaint, a conservation complaint or a Notice to Appear in lieu of either, in counties other than Cook, the officer shall also issue a written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within 120 days of arrest. The proper prosecuting attorney shall be served with any separate written demand for speedy trial under section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good

cause for a continuance. Any State agency or any unit of local government desiring to be exempt from the requirements of this Rule 505 may apply to the Conference of Chief Circuit Judges for an exemption." 113 Ill. 2d R. 505.

The decision of the court in *McCarrey* concerned the operation of the portion of Rule 505 regarding a defendant who has requested a jury trial. At that time, Rule 505 stated:

"If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963 as amended (Ill. Rev. Stat. 1979, ch. 38, par. 103—5)." (87 Ill. 2d R. 505.)

There, the defendant was charged by citation with the offense of driving under the influence of alcohol and demanded a jury trial. He was not tried within the 160-day period of section 103—5 of the Code of Criminal Procedure and, for that reason, this court reversed his conviction. This court deemed the wording of Rule 505 made the demand for a jury trial sufficient to trigger the running of the time period of section 103—5 without the need for a separate demand for a speedy trial usually necessary to start that period. By way of *dictum* this court did state:

"A defendant who is charged with an offense by means of a traffic ticket is generally entitled to a jury *or a bench trial* within the time limits prescribed by Supreme Court Rule 505 (see [*Mears*]), provided that there are no factors beyond the immediate control of the prosecutor and the arresting officer which result in a delay in bringing the defendant to trial. (*People v. Davis* (1982), 104 Ill. App. 3d 120, 432 N.E.2d 947.)" (Emphasis added.) *McCarrey,* 122 Ill. App. 3d at 64, 460 N.E.2d at 782.

In *Mears,* an accused had also been charged by citation with a traffic offense concerning intoxicating liquor. He appeared, *pro se,* on the first appearance date set by Rule 504, March 7, 1978, and pleaded not guilty. On that date he was told he would be informed of a hearing date. Subsequently, the defendant appeared at a pretrial hearing, but his case was not set for trial. On November 14, 1978, defendant filed a motion to dismiss for failure to hold a trial within the period set forth in Supreme Court Rule 505. The circuit court allowed the motion, and the State appealed. The Appellate Court for the Fifth District affirmed. That court reasoned: (1) the purpose of Rules 504 and 505 was to provide early disposition on the merits of traffic cases; and (2) the provision of Rule 505 not requiring the State to proceed to trial within the 49-day period when a jury trial was demanded implied

that, when no jury trial was demanded, the State was required to proceed within that 49-day time frame.

In *Nelson,* defendants charged with a traffic offense appeared on the second appearance day when their trials were continued for two weeks. On that date the State's witnesses did not appear, and the trial court dismissed the charges. The trial court later allowed the State to refile the charges, and the defendants were convicted. On appeal, the Appellate Court for the Third District reversed, holding that the earlier order of dismissal was a judgment on the merits preventing proper refiling of the charges.

In *People v. Herbert* (1984), 122 Ill. App. 3d 43, 460 N.E.2d 86, this court reversed a traffic offense conviction after an accused was charged by a traffic ticket, demanded jury trial, and had not been tried within the 160-day period of section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 103—5). In the process of describing the right of an accused to a speedy trial under those circumstances, this court stated that, under Supreme Court Rule 505, a defendant demanding a jury trial "is entitled to a speedy trial as defined by statute, and a defendant who instead waives a jury and wants a bench trial is entitled to an even speedier trial as provided by supreme court rule." *Herbert,* 122 Ill. App. 3d at 44-45, 460 N.E.2d at 87.

Despite the authority of *Mears* and the foregoing *dictum* in other cases, we are not satisfied that the direction of Supreme Court Rule 505 to "set a new appearance date" between 7 and 49 days in the future is intended to create a right to a bench trial within that time frame. We note that *Mears* is the only cited case directly in point. In *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59, the only case called to our attention in which the supreme court has passed upon the operation of Rule 504 or 505, that court held the requirement of then Rule 504 (58 Ill. 2d R. 504) that the arresting officer "shall" set the original appearance date within certain time frames was merely directory. Accordingly, that court reversed the judgment of the trial court which had dismissed the traffic charge because the original appearance date was not set within those time frames. Supreme Court Rules 504 and 505 operate together to counter delay in traffic proceedings. The interpretation given by the supreme court to the requirement that the arresting officer "shall" set the first appearance date within certain times gives some indication the supreme court did not intend the requirement of Supreme Court Rule 505 that the clerk "shall" set the second appearance date in nonjury cases within a particular period to negate the discretion of

the court to set an ultimate trial date within a time permissible under statutory speedy-trial provisions.

Effective August 1, 1989, Supreme Court Rule 505 was amended in pertinent part as follows:

> "Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled *within a reasonable period. In order to invoke the right to a speedy trial, the accused if not in custody must file an appropriate, separate demand, as provided in section 103—5 of the Code of Criminal Procedure of 1963, as amended.* (Ill. Rev. Stat. 1987, ch. 38, par. 103—5)." (Emphasis added.) ((June 19, 1989), Official Reports Advance Sheet No. 13 (eff. Aug. 1, 1989).)

This statement of Rule 505 seems to indicate the only way one accused of a traffic offense has a right to a trial at a particular time is by invoking the provision of the Code of Criminal Procedure of 1963 providing for speedy trials—for those in custody, without demand, and, for those not in custody, upon proper demand.

■■ If the language of Rule 505 existing at the times in question here is deemed to be at least ambiguous as to whether the statement directing the clerk to set an appearance date within the 49-day period provides a right for trial within that period, the subsequent amendment to the rule negating the existence of that right is significant in determining the meaning of Rule 505 at the times involved here. *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 269-70, 408 N.E.2d 204, 208-09.

■■ We note that section 103—5 of the Code of Criminal Procedure of 1963, which was in force at all times Rule 505 was in existence, sets forth in some detail the circumstances excusing the State from not proceeding within the stated time for trial. Rule 505 states no exception to the setting of an appearance date within the 49-day period. If that time frame was intended to limit the time in which bench trials could be held, the supreme court would likely have enumerated some exceptions to cover exigent circumstances. Moreover, we deem the fact that Rule 505 directs the clerk, rather than a judge, to set the appearance date is significant. We recognize that an order entered by the court clerk is an order of the court if the clerk has authority to enter the order. However, if the end of the 49-day period was intended to be the last time the trial could start, the supreme

court would likely have provided for some judicial discretion to have been exercised as to settings within the 49-day period.

■■ We conclude the provisions of Supreme Court Rule 505 directing the clerk to set a second appearance date within a prescribed period is merely the direction for the performance of a ministerial task intended to speed up the proceedings, but not intended to set an absolute deadline for trial. The trial court here did not err in allowing the case to go to trial at a time past the end of the 49-day period of Rule 505. Accordingly, we affirm the conviction and sentence.

Affirmed.

KNECHT, P.J., and STEIGMANN, J., concur.