THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DANIEL CICCOMOSCOLO, Defendant-Appellee.

Third District   Nos. 3—91—0058, 3—91—0059 cons.

Opinion filed October 10, 1991.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Daniel Ciccomoscolo, was charged with driving under the influence of alcohol and improper lane usage (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(2), 11—709(a)). The trial court subsequently granted his oral motion to dismiss, finding that he had not been tried within the time set by Supreme Court Rules 504 and 505 (134 Ill. 2d Rules 504, 505). The State appeals.

Initially, we note that the defendant has not submitted an appellee's brief. Nevertheless, where the record is simple and the court of review can easily decide the disputed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record reveals that the defendant was arrested and charged in separate cases with the above-noted offenses on August 15, 1990. He was released on bond and given a court appearance date of Sep-

tember 4, 1990. By written notice, the circuit court, pursuant to its local custom and not on the motion of either party, changed the appearance date to September 7, 1990. On August 22, 1990, the defendant's attorney entered his appearance for the defendant by letter addressed to the clerk of the court and entered the defendant's not guilty plea. The letter also indicated that the defendant would waive trial by jury and requested that the case be set for pretrial conference "with the balance of cases in the court."

On September 14, 1990, the defendant appeared in court with his attorney, orally waived his right to a jury trial in each case, and filed written waivers of jury. A pretrial conference was held the same day. The defendant also filed a request for a hearing on his petition to rescind his statutory summary suspension. The court set that hearing for September 28, 1990. After the suspension hearing, the court set both cases for bench trial on November 16, 1990. This was done in open court in the presence of the defendant and his attorney, and the defendant never objected to the date set for trial.

On November 16, 1990, the defendant orally moved to dismiss both charges pursuant to Supreme Court Rules 504 and 505. The trial court subsequently granted the motion, relying on this court's decision in *People v. Berg* (1989), 182 Ill. App. 3d 431, 538 N.E.2d 177. We find that the trial court's reliance on *Berg* in the instant case was misplaced and therefore reverse.

Initially, we note that under Rule 504 the defendant's first court appearance is to be within 14 to 49 days of his arrest. If he pleads not guilty, Rule 505 generally calls for him to be tried within 7 to 49 days of his first appearance.

In *Berg*, the defendant was charged with driving while his license was revoked (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a)). The complaint set an appearance date of November 2, 1987. The defendant appeared in court on that date, pled not guilty, and demanded a jury trial. On November 23, 1987, the case was scheduled for a pretrial conference on December 9 and for trial on December 16. On December 9, 1987, the defendant withdrew his jury demand. When the case was called for trial on January 28, 1988, the State moved for a continuance because the arresting officer was unavailable. Over the objection of defense counsel, the trial court granted the continuance. The defendant was subsequently tried and convicted.

In *Berg*, we held pursuant to Supreme Court Rule 504 that the trial court had improperly granted the State's request for a continuance absent a showing by the State that there was good cause for the officer's unavailability. Importantly, we did not hold that Supreme

Court Rules 504 and 505 bestow upon a defendant an absolute right to be tried within 49 days of the appearance date. We also note that in *Berg* the defendant's attorney objected to the continuance.

The instant case is factually distinguishable from *Berg*. Here, there was no request for a continuance by the State. Furthermore, the defendant and his attorney were present in court and did not object when the case was set for trial. These factual distinctions make *Berg* inapplicable to the instant case.

We find that in these circumstances the reasoning of *People v. Honnold* (1989), 191 Ill. App. 3d 340, 547 N.E.2d 755, is controlling. *Honnold* presented a factual setting similar to the instant case. Notably, the defendant pled not guilty to several traffic offenses and demanded a bench trial. When the trial judge set the cause for bench trial, in open court with both the defendant and his attorney present, the defendant made no objection. Thereafter, the defendant moved to dismiss the charges against him, arguing in part that Supreme Court Rule 505 was not complied with. The trial judge denied the motion, proceeded to bench trial, and ultimately convicted and sentenced the defendant.

On appeal, the defendant in *Honnold* maintained that Supreme Court Rule 505 gave him an absolute right to a bench trial within 49 days after his first appearance date. After a complete consideration of the relevant case law and supreme court rules, the *Honnold* court determined that the language in Supreme Court Rule 505, directing that after a not guilty plea the clerk of the court is to set a second appearance date within 7 to 49 days, is merely a direction for the performance of a ministerial task intended to expedite the proceedings and not an absolute deadline for trial. *People v. Honnold* (1989), 191 Ill. App. 3d 340, 547 N.E.2d 755.

We find the reasoning of *Honnold* sound and applicable in the instant case. No objection was made by the defendant, who was present at the setting of the trial date, and no delay was occasioned by the State without the showing of good cause. The trial court therefore erred in dismissing the charges.

For the foregoing reasons, the order of the circuit court of Rock Island County dismissing the charges against the defendant is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and GORMAN, JJ., concur.