THE CITY OF ROCKFORD, Plaintiff-Appellee, v. JOY XAYASOUK, Defendant-Appellant.

Second District No. 2—97—1180

Opinion filed December 18, 1998.

Mark A. Rouleau, of Rockford, for appellant.

Charles P. Alexander and Ronald N. Schultz, both of City of Rockford Legal Department, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Joy Xayasouk, was charged by plaintiff, the City of Rockford, with disobeying a traffic control device. On October 6, 1997, defendant filed her notice that she was pleading not guilty and requested a bench trial. The circuit clerk scheduled the case for trial on November 3, 1997, which was also the date that the arresting officer had originally set for defendant's first appearance. Defendant appeared on that date and moved to dismiss the charge because the case had not been scheduled for trial within the time limits set forth in Supreme Court Rule 505 (166 Ill. 2d R. 505). The court denied the mo-

tion. A stipulated bench trial followed, after which defendant was found guilty and placed on supervision for one year. Defendant appeals, arguing that the court erred in denying her motion to dismiss. We affirm.

■ Defendant argues that she was entitled to have the charge against her dismissed because the clerk of the circuit court scheduled her appearance date too early. Supreme Court Rules 504 and 505 (166 Ill. 2d Rs. 504, 505) govern the setting of appearance and trial dates in traffic cases. The relevant portion of Rule 505 states as follows:

> "Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than · 7 days nor more than 60 days after the original appearance date set by the arresting officer or the clerk of the circuit court, and notify all parties of the new date and the time for appearance." 166 Ill. 2d R. 505.

Here, the circuit clerk scheduled defendant's appearance date on the same date as originally set by the arresting officer, instead of between 7 and 60 days later. Thus, defendant argues, she was automatically entitled to have the charge against her dismissed. We disagree.

Defendant relies primarily on *People v. Alfonso*, 191 Ill. App. 3d 963 (1989), which interpreted Rule 504 rather than Rule 505. The version of Rule 504 in effect at the time provided that the appearance date should be set by the arresting officer "not less than 14 days but within 49 days after the date of the arrest, whenever practicable." 107 Ill. 2d R. 504. The arresting officer in *Alfonso* set the defendant's appearance date for 13 days after the defendant's arrest. The defendant moved to dismiss the charge, and the court granted the motion, finding that it would have been practicable for the officer to set the appearance date between 14 and 49 days after the arrest. The Appellate Court, First District, with one justice dissenting, affirmed the dismissal. The court acknowledged that the supreme court held in *Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 268 (1976), that Rule 504's language was directory rather than mandatory with respect to the time limitations. Nevertheless, without any discussion of whether dismissal was the proper remedy, the first district upheld the trial court's dismissal because it would have been practicable for the appearance date to have been set within the 14- to 49-day span. *Alfonso*, 191 Ill. App. 3d at 965-67.

The Appellate Court, Third and Fourth Districts, has held that Rule 505's time limits for setting appearance dates are directory rather than mandatory. Those cases dealt with new appearance dates being set too late rather than too early. In *People v. Honnold*, 191 Ill. App. 3d 340 (1989), the defendant's second appearance date was set beyond

the time limit provided in Rule 505. The defendant moved to dismiss the charges, and the court denied the motion. The fourth district affirmed. The court relied on *Fagan*'s holding that Rule 504's time limits were directory rather than mandatory. The court believed that the supreme court would give the same interpretation to the similar language in Rule 505:

> "The interpretation given by the supreme court to the requirement that the arresting officer 'shall' set the first appearance date within certain times gives some indication the supreme court did not intend the requirement of Supreme Court Rule 505 that the clerk 'shall' set the second appearance date in nonjury cases within a particular period to negate the discretion of the court to set an ultimate trial date within a time permissible under statutory speedy-trial provisions." *Honnold*, 191 Ill. App. 3d at 345-46.

*Honnold* held that the time limit in Rule 505 regarding the scheduling of a new appearance date was merely the direction for the performance of a ministerial task and did not set an absolute deadline for trial. *Honnold*, 191 Ill. App. 3d at 347.

In *People v. Ciccomoscolo*, 220 Ill. App. 3d 28 (1991), the defendant pleaded not guilty to improper lane usage and driving under the influence of alcohol. He was given an appearance date beyond the Rule 505 time limits. The court granted his motion to dismiss the charges, and the third district reversed. The third district agreed with *Honnold*'s reasoning that the Rule 505 time limits were directory rather than mandatory and also noted that the defendant never objected to the scheduling of the second appearance date. *Ciccomoscolo*, 220 Ill. App. 3d at 30.

■ We agree with the reasoning of *Honnold* and *Ciccomoscolo*. We believe that the supreme court's interpretation of the Rule 504 time limits as directory rather than mandatory would also apply to Rule 505. Rule 504 governs first appearance dates set by the arresting officer and the relevant portion of Rule 505 governs the setting of a new appearance date when the accused pleads "not guilty." The language of these provisions is similar, and *Fagan*'s reasoning indicates that the supreme court would interpret Rule 505 the same way.

In *Fagan*, the supreme court explained its conclusion that Rule 504's time limits for setting appearance dates were directory rather than mandatory as follows:

> "[W]e observe that Rule 504 contains no language which denies the municipality's right to prosecute or the trial court's jurisdiction to hear the case where the appearance date is not timely set. The rule does feature usage of the word 'shall,' but that word may be defined as 'must' or 'may,' depending upon the context and the

intent of the drafters. [Citations.] Nor do we believe that violation of the rule would ordinarily cause any injury to public interest or private rights." *Fagan*, 64 Ill. 2d at 268.

We believe that reasoning also applies to Rule 505's time limits for the scheduling of appearance dates and thus agree with *Honnold* and *Ciccomoscolo* that those time limits are directory rather than mandatory. Accordingly, the trial court is not required to dismiss a case that is not scheduled within those limits. Here, defendant's argument is weaker than those of the defendants in *Honnold* and *Ciccomoscolo* because defendant's date was set too early rather than too late. When defendant realized her appearance date had been set too early, she could have notified the court of the problem and sought a rescheduling or she could have asked for a continuance if she was not ready to proceed. Defendant does not claim that she did either, or that she was prejudiced in any way by having to proceed on the date scheduled. Accordingly, we hold that the court did not err in denying defendant's motion to dismiss.

Defendant argues in her reply brief that *Honnold* was overruled by the supreme court in *People v. Williams*, 158 Ill. 2d 62 (1994). We disagree. *Williams* interpreted a previous version of Rule 505 that included a provision that stated, "If the accused demands a trial by jury, the trial shall be scheduled within 120 days of arrest" (113 Ill. 2d R. 505). The court held that defendants in traffic cases were not required to inform the circuit clerk of their decision to plead not guilty and to demand a jury trial at least five days before the first appearance date was scheduled in order to invoke the requirement that the trial be held within 120 days of the date of arrest. The court stated that a traffic defendant's demand for a jury trial was, *ipso facto*, a demand for a speedy trial. *Williams*, 158 Ill. 2d at 69. In discussing the issue, the court stated that Rule 505's 120-day rule was mandatory. (Rule 505 no longer contains the 120-day limit. See 166 Ill. 2d R. 505.) *Williams*, 158 Ill. 2d at 69. The statement in *Williams* that the 120-day limit was mandatory was based on speedy trial concerns, and we disagree with defendant that it in any way affected the case law holding that the appearance date time limits were directory rather than mandatory.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GEIGER, P.J., and RATHJE, J., concur.